No. 3102.—THE STATE OF LOUISIANA, ex rel. S. BELDEN, Attorney General *v.* H. T. BURGESS et als.

The act of the General Assembly of 1865, No. 52, granting to certain individuals named therein the right to cut a canal through the territory of the State of Louisiana and to use the lands contiguous thereto for the term during which the canal is to be enjoyed by the grantees, after which the lands are to revert to the State, is not a giving of State aid within the meaning of article 112 of the Constitution of 1864. Nor is the right given the grantees by the act No. 52 of 1865 to acquire the lands drained by the canal, a giving of State aid. This latter clause, conferring on the grantees the right to acquire the lands drained by the canal, only confers a pre-emption or preference on the grantees over other persons to acquire certain lands. This act does not, therefore, violate article 112 of the Constitution of 1864. which was in force at the time it was passed.

The act of 1865, No. 52, while it confers certain rights and privileges on the individuals named, does not constitute them a judicial person. It is not, therefore, in violation of article 121 of the Constitution of 1864, which prohibits the Legislature from creating a corporation.

This act does not violate article 127 of the Constitution of 1864, which declares that the swamp lands granted by Congress to the State to aid in levying and draining them, etc., shall not be diverted from the purposes for which they were granted, because it contains nothing which would indicate a purpose to violate this provision. It simply gives the grantees the right of pre-emption and fixes the price, and gives to them, on condition that they shall cut the canal within a given time, a term of credit. It directs that the proceeds arising from the sale, when due, shall be paid into the treasury, where the presumption is that they will be applied for the purposes for which the donation by Congress was made.

The proclamation of the President of the United States, dated twentieth of August, 1866, declaring that peace existed throughout the United States, is the period at which the late war between the United States and the so called Confederate States terminated. Therefore the work of cutting a canal through the territory of Louisiana, as authorized by the act No. 52, of 1865, which was required by said act to be commenced within four months from the termination of the war which was then going on, was commenced within the time required, if commenced within four months from and after the date of twentieth of August, 1866.

The State, through the action of her Legislature having thrown obstacles in the way of the completion of the canal which she had authorized certain individuals to construct, can not be permitted to claim a forfeiture of the grant on account of the non-completion within the time.

The Legislature can pass no law which impairs the obligations of a contract. The power and right of interpreting laws belong to the judiciary *alone.* Therefore, an act of the General Assembly which assumes to judge when an obligation has been violated or when a right or franchise has been forfeited, is absolutely null, because the Legislature has no power to pass such an act or to sit in judgment in such a case.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Simeon Belden,* Attorney General, relator, appellant. *Cotton & Levy,* for defendants and appellants.

LUDELING, C. J. This suit was instituted to prevent the defendants from acting under a grant made to them by an act of the Legislature of this State in 1865, numbered 52, on the grounds that the act was unconstitutional; that it had been repealed by a subsequent act of the Legislature, and that defendants had failed to commence the work within four months after the termination of the war or to complete the work within three years thereafter.

*First*—It is contended the law in question is in contravention of articles 112, 121 and 127 of the Constitution of 1864, in force when the act was passed. Article 112 provides that State aid shall not be given to companies, etc. The act No. 52 does not *give aid* in the sense of the

29

article of the Constitution. It grants a privilege to certain individuals to cut a canal through the territory of the State of Louisiana and to use the lands contiguous to the canal for its benefit for the term during which, by the act, the canal is to be enjoyed by the grantees. But these lands and the canal are to revert to the State after the lapse of fifty years.

Nor is the right, given the grantees to acquire the lands drained by the canal, a giving of aid by the State. It is simply a right of *pre-emption*—a right to purchase by preference lands which are supposed to be of little value in their present condition, but which may, and probably will, be rendered valuable, should the canal ever be cut.

The act does not create a *corporation*. It confers certain *rights and privileges* on the individuals named, but it does not constitute them a *juridical person;* therefore it does not violate article 121. Neither does the act violate article 127, which declares that the swamp lands granted by Congress to the State to aid in levying and draining, in order to reclaim the swamp and overflowed lands, shall not be diverted from the purposes for which they were granted. There is nothing in the act to indicate a purpose to violate this provision of the Constitution. It gives the grantees a right of pre-emption; fixes the price at twenty-five cents per acre, and gives a term of credit to them on condition that they shall cut the canal. When the *proceeds* of these lands shall have been paid into the treasury, we are bound to presume they will be appropriately applied to the purposes intended by Congress. Besides, it is not unreasonable to suppose, and witnesses in this case have stated, that the cutting of the canal will drain much of the swamp and overflowed lands through which it is to pass and thus partially carry into effect the enlightened and liberal policy of the General Government in making these grants of swamp lands to the State.

*Second*—Have the grantees complied with the conditions of their grant by commencing the work within four months and completing it within three years after the termination of the war?

It is proved that the work was commenced on or about the twenty-seventh day of April, 1866.

The President of the United States issued his peace proclamation on the twentieth of August, 1866, and the Supreme Court of the United States has decided that the proclamation fixed the period when the war terminated. 9 Wallace, 56.

The work, therefore, was commenced in time.

The Legislature of the State passed a joint resolution on the thirteenth March, 1866, directing proceedings to be instituted by the Attorney General for the forfeiture of the grant, and in March, 1867, the Legislature passed an act to repeal the law enacted in 1865, making the grant.

The evidence in the record shows that the passage of the joint resolution and the act of repeal affected the credit of the defendants so seriously that they were unable to carry on the work; and that the failure to complete the canal within the time fixed was owing to the unjustifiable acts of the Legislature. The State should not be per-mitted to claim a forfeiture of the grant for the non-completion of the canal, when the acts of the Legislature interposed obstacles which retarded, if they did not actually prevent, the completion. It is a per-fectly well settled principle of jurisprudence that no one can take advantage of his own wrong. Pothier on Obligations, No. 212; C. C. article 204 (2035 French text); 19 La. 501; 4 R. 45.

*Third*—It is now well settled that a Legislature can not impair the obligation of a contract entered into by a former Legislature. 6 Cranch, 87; Fletcher *v.* Peck, Woodward *v.* Dartmouth College, 4 Wheaton, 518; 12 La. 352; State *v.* Bermudez, 6 R. 115; 11 R. 414; Constitution of United States, article 1, section 10.

The act of 1865, granting certain rights or privileges to defendants, was a contract the obligation of which could not be impaired by subsequent acts of the General Assembly. And it is equally clear that the duty of *interpreting laws* belongs to the *judiciary*, and it alone has the power to decide when an obligation has been violated, or when a right or franchise has been forfeited. The act of the Legislature passed thirteenth March, 1867, and numbered 62, is, therefore, uncon-stitutional, null and void.

It is therefore ordered that the judgment of the district court be affirmed, with costs.

HOWE, J., *dissenting.* I am constrained to think that the act in question is in conflict with that article of the Constitution of 1864 which provided that the aid of the State should not be given to com-panies or associations of individuals in a certain way and under cer-tain limitations. Article 112. I must, therefore, dissent in this case.