94 So.2d 662 (1957)
232 La. 546
Eugene B. COTTINGHAM
v.
DEPARTMENT OF REVENUE, STATE OF LOUISIANA.
No. 42503.
Supreme Court of Louisiana.
April 1, 1957.
*663 McKeithen, Mouser & McKinley, Monroe, for appellant.
Robert L. Roland, Levi A. Himes, Chapman L. Sanford, Baton Rouge, for appellee.
HAMITER, Justice.
In this case there is presented for review a unanimous ruling of the Louisiana Civil Service Commission rendered on an appeal to that body by a dismissed state employee. The ruling and the reasons therefor, which were assigned in writing, read as follows:
"Eugene B. Cottingham, appellant, an Investigator I in the classified service of the Department of Revenue, was discharged effective December 31, 1954. The causes for this action were communicated to appellant in a letter dated December 16, 1954, charging substantially:
"1. That in a written application to the Department of State Civil Service, dated June 30, 1954, he denied having ever been a defendant in a criminal proceeding, whereas court records show that on October 3, 1947 he had pleaded guilty to violation of the Sunday Closing Law and was sentenced to pay a fine of $75 or serve 30 days in jail.
"2. That while employed in a position of confidence and trust he conducted himself in such manner that on November 23, 1954, members of the State Police preferred charges of public bribery against him.
"On December 27, 1954 appellant requested a hearing before this Commission without specifying any ground of complaint. By a subsequent letter, three days later, he denied `falsifying' the application but admitted an error through oversight due to conditions that he wished to discuss at a hearing, which was originally fixed for February 5, 1955. By joint motion this fixing was upset, and was later fixed for March 28, 1955, at which time the parties were heard.
"At the opening of the hearing appellant excepted to the sufficiency of the notice of discharge and moved for a summary decree maintaining his appeal.
"The Commission denied the motion, but ruled out the second charge for insufficient specification to justly put the burden of proof on these facts upon appellant.
*664 "The parties have stipulated that appellant was charged on October 3, 1947 with violating the Sunday Closing Law by dispensing intoxicating liquor on a Sunday; that on that date he waived arraignment, pleaded guilty, was sentenced to pay a fine of $75 and costs or serve 30 days in jail, and paid the fine and costs.
"Appellant admits that on June 30, 1954, while holding his position as Investigator I in the Department of Revenue, he made written application to take an examination for the position of Investigator II in the classified service of the State; and that he answered `no' to the question designed to reveal the subject matter of the stipulation.
"He obtained no appointment under the examination taken pursuant to his aforesaid application.
"When he signed said application he was emotionally disturbed by the serious illness of a brother. He testified that the offense which he did not reveal imported no moral turpitude, and that it escaped his memory at the time.
"There is no evidence that at any time between June 30, 1954 and December 16, 1954, appellant made any attempt to correct the erroneous answer made in his application.
"The Collector of Revenue established that the position of Investigator in his Department requires men of the highest probity; that as part of his duties appellant had been required to examine into the character of applicants for liquor licenses.
"If appellant willfully made the false statement in his application, he would be guilty of a misdemeanor under Pars. (N) (4) and (P) (3) of the Civil Service Amendment (Const. Art. XIV, Section 15). It is not necessary in a dismissal case that the employee's conduct be shown to have constituted a misdemeanor in order to justify his discharge. An employee whose conduct, whether willful or only negligent, convicts him of untrustworthiness, can find no shelter in the law to protect his employment. The purpose of all civil service laws regulating the discharge of employees is to insure good public service by experienced employees and to protect the faithful, honest and competent from removal for unworthy causes.
"The admitted facts constitute sufficient cause for appellant's discharge, and his appeal is dismissed."
Pertinent to our review of such ruling are provisions contained in Article 14, Section 15 of the Louisiana Constitution, relating to both state and city civil service, which recite: "(N) (1) No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority. (a) The burden of proof on appeal, as to the facts, shall be on the employee.

* * * * * *
"(O) (1) There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission's decision becomes final. * * *"
Heretofore, in considering these provisions, we have stated: "* * * While it is true that under our civil service system now in force, persons who have acquired civil service status are protected from discrimination and/or disciplinary action which is arbitrary or is based on political or religious reasons the same provision of the Constitution authorizes dismissal `for cause,' and sets up a Commission to which application may be made when an employee is aggrievedsaid commission being vested *665 with `the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases.' The right of appeal to this Court is restricted to questions of law alone, * * *. Hearings of this kind are usually final, and the Court will not interfere with the bona fide judgment of the Commission. * * *

* * * * * *
"`* * * as a general rule, in the absence of arbitrary action, where the proceeding for the removal or discharge of a civil service employee has been conducted in compliance with civil service laws, the decision of the civil service commission or other authority authorized to conduct the hearing or to consider the employee's explanation is not subject to review by the court. * * * the reviewing court will ordinarily inquire only whether the officer, board, or commission had jurisdiction, acted within the prescribed rules, and followed the form of proceedings legally applicable in such cases; and the court will not disturb the order or decision on its merits, or interfere with the exercise of the discretion vested in the officer, board, or commission, unless the action of the board or commission was arbitrary. * * * where the decision is based on substantial evidence, the court may not consider the weight or sufficiency of the evidence. * * * the burden of proving arbitrary action in the discharge of the employee is on the employee.'" Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24, 27.
Some of these pronouncements were quoted approvingly in the later case of Domas v. Division of Employment Security of Department of Labor, 227 La. 490, 79 So.2d 857, 862, in which we further said: "Answering the contention presented under the fifth assignment of error that cause for dismissal was illegal and not justifiable under the circumstances in which, at the time, he found himself, we conclude that this involves purely the reasonableness of the cause based upon the final and conclusive findings of fact by the Commission, the correctness of which cannot be inquired into by the courts."
If it could be concluded herein that there was no real and substantial relation between the assigned cause for the dismissal of appellant and his qualifications for the position in which he served the action of the Commission in upholding his removal would, of course, be arbitrary and hence subject to annulment by this court as a matter of law. On the other hand if such a relation existed the question then presented would involve solely the sufficiency or reasonableness of the causea question of fact which the Commission, as pointed out in the above cited authorities, has the exclusive right to determine.
As stated by the Commission the appellant freely admits that he gave an incorrect answer of "No" to the application inquiry of whether he had ever been arrested or convicted for the violation of any law (except a minor traffic violation); theretofore, he had been convicted and sentenced for violating the Sunday Closing Law, LSA-R.S. 51:191 et seq., by dispensing intoxicating liquor on a Sunday. (However, he contends that in thus answering falsely he acted negligently and unintentionally while under an emotional strain due to the then serious illness of his brother.) The record further conclusively discloses that, at the time of his filling out the application, the duties of appellant (as an Investigator I in the Department of Revenue) required him to investigate and pass upon the moral qualifications of applicants for beer and whiskey licenses.
Considering the foregoing undisputed facts there appears to have been a real and substantial relation between the assigned cause for the dismissal of appellant and his qualifications for the public work in which he was engaged. His having stated an untruth in answering a material and an important civil service query, even if only negligently done as he contends, *666 could well affect the matter of his reliability and trustworthiness for performing the above mentioned duties of a position of trust which requires careful and thorough investigations. Therefore, we must conclude that the Commission did not act arbitrarily in upholding the dismissal. Whether the discussed cause was sufficient and reasonable for removing appellant from the service is, as above shown, a question of fact which we are without jurisdiction to decide.
Our decision in Morrison v. Department of Highways, 229 La. 116, 85 So.2d 51, cited and relied on by appellant, is not appropriate here. Therein this court merely held as a matter of law that the Louisiana Civil Service Commission was without authority to adopt a rule which required that employees in the classified service be removed on attaining a certain age.
For the reasons assigned the ruling of the Commission is affirmed.