HAMITER, Justice.
On this appeal plaintiff, Carl L. Reed, seeks the reversal of a ruling of the Louisiana Civil Service Commission which upheld his dismissal from a position in the Department of Wild Life and Fisheries of the State of Louisiana.
The facts on which the dismissal are based are undisputed. Plaintiff was employed as a ranger in the enforcement division of the Department at a monthly salary of $230, plus expenses not to exceed $90 per month except when engaged on special assignments. On September 11, 1956 he, having been subpoenaed to appear as a witness in a federal game law violation prosecution, traveled in his own automobile from his station in Caddo Parish to Opel-ousas, in St. Landry Parish, to testify. *870 Appearances in federal court were a part of his regular official duties. All expenses incurred in making such trip, amounting to $61.76, were paid to him by the federal government. Included in this payment was the sum of $37.76 for his round trip mileage between Caddo Parish a'nd Opelousas (472 miles at eight cents per mile).
But when plaintiff submitted his expense account to the Louisiana Wild Life and Fisheries Department for the month of September, 1956, which showed a total mileage due him of $137.97, he included therein and claimed the mileage of the mentioned Opelousas trip (472 miles at seven cents per mile, or $33.04) without noting that he had been previously paid for it by the federal government. And in submitting the account plaintiff signed the following attached certificate: “I certify that this expense account is just and true in all respects; * * * that no part of the account has been paid by the State; and that the full amount is justly due.”
When this apparent irregularity came to the attention of Mr. Louis LeBlanc, Chief of the Enforcement Division of the Department since July 15, 1956, plaintiff was suspended. Subsequently, after an investigation, he was dismissed.
At the hearing before the Louisiana Civil Service Commission, to which plaintiff appealed the dismissal, his immediate superior and several employees of his classification testified that such double collection of mileage was customary in the department; that occasionally they had listed similar items on their expense accounts, without mentioning that remittance had been made by the federal government, and had received reimbursement therefor from the state; and that they considered the extra payment to be a bonus.
On the other hand Mr. Perry Poteet, an auditor in the office of the State Supervisor of Public Funds, testified that in auditing the books and records of state departments his office would not approve payment of expenses already reimbursed by others. Similarly, Mr. Roy Shaeffer, Chief Accountant of the Department of Wild Life and Fisheries, stated: “I have never seen any claim made where they received pay from the Federal Court. The expense account is paid on an actual expense basis and we don’t pay per diem beyond actual expenses.” And Mr. LeBlanc said that the testimony given at the Civil Service hearing brought to his attention for the first time the fact that employees in his department had been receiving double payment for expenses incurred in attending trials in federal court.
On the instant appeal it is argued that the dismissal was illegal, arbitrary and unreasonable since fraud, as charged by the appointing authority and found to exist by the Civil Service Commission, was not committed in the filing of the expense account. In this connection plaintiff assails the following recital contained in the removal notice: “This constitutes an illegal attempt on your part to collect from this Commission travel mileage for which you had already been paid as mentioned above and is a wilful and fraudulent attempt on your part to illegally obtain funds from this Commission as an agency of the State of Louisiana in violation of the criminal laws of this State as well as the criminal statutes of the U. S. Government in that the expense account submitted was transmitted by use of the U. S. Mails.” Also he attacks the conclusion of the Commission that: “* * The submission of an expense account which includes expenses for which an employee has already been paid by another agency, without reporting such payment, is tantamount to the submission of a false or fraudulent expense account. The fact that other employees have done the same, or even that the employee’s superior directs such a filing, does not excuse the action of the employee. * * * ”
 Whether plaintiff’s act was fraudulent we need not and do not decide. Certainly the expense account was false inasmuch as it contained an untruth when it *871 recited, with regard to the Opelousas trip mileage, “that the full amount is justly due.” Accordingly, the Commission did not act illegally or arbitrarily, cause for upholding the dismissal having existed (filing of the false expense account constituted cause). Moreover, the question of the sufficiency and reasonableness of that cause was for the exclusive determination of such agency.
In Cottingham v. Department of Revenue, State of Lousiana, 232 La. 546, 94 So. 2d 662, 665, we made the following observation which is appropriate to this appeal: “ * * * His having stated an untruth in answering a material and an important civil service query, even if only negligently done as he contends, could well affect the matter of his reliability and trustworthiness for performing the above mentioned duties of a position of trust which requires careful and thorough investigations. Therefore, we must conclude that the Commission did not act arbitrarily in upholding the dismissal. Whether the discussed cause was sufficient and reasonable for removing appellant from the service is, as above shown, a question of fact which we are without jurisdiction to decide.”
Particularly in point, and clearly decisive, here is our decision in Domas v. Division of Employment Security of the Department of Labor, 227 La. 490, 79 So.2d 857. Therein Domas, an employee under civil service, submitted a false expense account at the direction of his immediate superior who represented that such submission was the only way for him to obtain reimbursement for expenses paid on an official trip. In affirming the ruling of the Commission which upheld the dismissal of the employee we said, among other things, that: “Answering the contention * * * that cause for his dismissal was illegal and not justifiable under the circumstances in which, at the time, he found himself, we conclude that this involves purely the reasonableness of the cause based upon the final and conclusive findings of fact by the Commission, the correctness of which cannot be inquired into by the courts.” See also Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 and Broussard v. State Industrial School for Colored Youths, 231 La. 24, 90 So.2d 73.
On behalf of this plaintiff it is further argued, to quote from the brief of his counsel, that: “Under the findings of fact by the Civil Service Commission, Wild Life Rangers are limited to a maximum mileage reimbursement of $90.00 per month. For the month of September, 1956, Carl L. Reed showed a total claim of $137.97. If the $33.04 claimed by appellant for attendance at Federal Court on September 11th were disallowed, his expense claim would still equal $104.93 or $14.93 more than he could possibly be allowed under the existing regulations. * * * ” Assuming that we have authority to consider this argument it overlooks the fact that, as disclosed by the record, on two other occasions plaintiff was reimbursed expenses in excess of the $90 maximum. And it may well be assumed that plaintiff hoped to receive the extra mileage in question, especially since other employees of the department testified that reimbursement for a similar item had been made to them by the state notwithstanding that the federal government had previously paid therefor.
Of course, it does seem strange that removal action has not been taken against the other employees who committed misdeeds like that of plaintiff. However, that is a matter with which the Wild Life and Fisheries Department and the Civil Service Commission are solely concerned, plaintiff not having contended that he was discriminated against for political or religious reasons.
For the reasons assigned the ruling of the Louisiana Civil Service Commission is affirmed.
HAWTHORNE, J., takes no part.