136 So.2d 559 (1961)
Guy F. HAYS
v.
WILD LIFE AND FISHERIES COMMISSION, the State of Louisiana.
No. 5259.
Court of Appeal of Louisiana, First Circuit.
December 18, 1961.
Rehearing Denied January 29, 1962.
Certiorari Granted March 16, 1962.
*560 Tate & Tate, Mamou, for appellant.
Harry H. Howard and Ellis C. Irwin, New Orleans, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
This appeal by plaintiff Guy F. Hays is from the decision of the Louisiana Civil Service Commission (hereinafter sometimes referred to simply as "Commission" for the sake of brevity) affirming appellant's dismissal by the Louisiana Wildlife and Fisheries Commission from the position of "Wild Life Agent I" despite appellant's permanent Civil Service status as a classified employee.
Appellant's dismissal was effected by letter addressed to him by the Director, Louisiana Wild Life and Fisheries Commission, under date of July 25, 1958, informing Hays of the termination of his services as Wild Life Agent effective July 31, 1958.
The letter of dismissal asserts that appellant, in testifying on behalf of one Carl L. Reed (in a removal proceeding held before the Commission in which Reed's ouster was sought for the alleged filing of fraudulent expense accounts, see Reed v. Louisiana Wildlife and Fisheries Commission, 235 La. 124, 102 So.2d 869) acknowledged under oath having committed the same offense. The notice of discharge then proceeds to quote at length certain excerpts from appellant's testimony appearing in the record of the Reed case, supra, and concludes with the following:
"In view of the fact that you testified, under oath, as aforesaid, that you submitted false expense accounts to the Louisiana Wild Life & Fisheries Commission and received payments thereunder in connection with your appearance or appearances as a witness in the Federal Courts of this State and for which you were paid mileage and subsistence by the U.S. Marshall, and which mileage and subsistence was included in the expense account or accounts, submitted to this Commission and received payment thereof; therefore, and the fact that you signed said expense account, or accounts, signifying that said account, or accounts, were justly due to you, such action on your part constitutes cause for your immediate removal as a Wild Life Agent I of this Commission, and therefore, your services as such will be terminated at the close of business July 31, 1958, after which time you will no longer be in the employ of this Commission."
As we are here concerned with an appeal from a decree of the Louisiana Civil Service Commission the findings of said Commission on questions of fact are final and binding upon the courts, the jurisdiction *561 of the courts in such instances being expressly limited and restricted to issues and questions of law. Louisiana Constitution of 1921, Article XIV, Section 15(0) (1), LSA. Jordan v. New Orleans Police Department, 232 La. 926, 95 So.2d 607; Cottingham v. Department of Revenue, State of Louisiana, 232 La. 546, 94 So.2d 662; Broussard v. State Industrial School for Colored Youths, 231 La. 24, 90 So.2d 73; Barclay v. Department of Commerce and Industry, 228 La. 779, 84 So.2d 188; Jais v. Department of Finance of City of New Orleans, 228 La. 399, 82 So.2d 689; Domas v. Division of Employment Security of Department of Labor, 227 La. 490, 79 So.2d 857; Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393.
Appellant contends his dismissal was improper and unauthorized for the following reasons: (1) He was discharged merely for testifying as a witness in the Reed case contrary to Rule 13.25(b) of the Commission's Rules prohibiting disciplinary action against a civil service employee because of his giving testimony before the Commission; (2) The notice of dismissal issued by the employer herein does not comply with the legal requirement that the cause of discharge shall be set forth in detail; (3) His discharge was predicated entirely upon inadmissible evidence consisting of his testimony given before the Commission in the Reed case which, by the rules of the Commission, could not serve as the basis of disciplinary action against him, therefore, as a matter of law, his dismissal was unauthorized in that there is no evidence in the record herein to support the finding of fact reached by the Commission herein, and (4) The Commission erred in arbitrarily denying appellant's request for a subpoena the issuance of which would have resulted in the production of certain documents and records establishing that his release was in fact based on political considerations only.
Article 13.25 of the Commission's rules provides as follows:
"(a) Any officer or employee in the classified service who willfully refuses or fails to appear before the Commission or its referee, or having appeared refuses to testify or answer any question pertinent to the matters under consideration shall forfeit his office or position and shall not be eligible thereafter for appointment to any position in the State service for a period of ten years.
"(b) Any officer or employee required to testify as herein authorized shall not be subjected to any disciplinary action by his appointing authority because of his giving such testimony.
"(c) Any person who willfully fails to appear in response to a subpoena or to answer any question or produce any books or papers pertinent to any hearing before the Commission or a referee, or who knowingly gives false testimony therein shall be subject to the penalties provided in Article XIV, Section 15, of the Constitution of the State."
Appellee Commission contends the intent and purpose of Section (b) of the foregoing rule (which provides that an employee shall not be subjected to disciplinary action because of his giving testimony before the commission) is simply and merely to afford immunity to the employee from disciplinary action predicated solely upon his having testified in a matter pending before the Commission. To hold otherwise, according to appellee, is to protect the employee from the consequences of his own misdeeds including the granting of immunity from the offense of perjury.
Appellant maintains that to interpret 13.25(b) to protect the employee from disciplinary action based solely on the fact of his having given testimony before the commission is to so restrict, limit and confine the application of the rule as to render it useless and without meaning or effect. In this regard learned counsel for *562 appellant argues forcefully that it would be difficult indeed to conceive of circumstances whereunder an employer could justify dismissal of an employee solely and only because of his having appeared as a witness before the Commission. Appellant submits the purpose of the rule is to give deference to Article 1, Section 11 of the Constitution of this state which insures every citizen against self-incrimination considering that fear and anticipation of disciplinary action and the numerous potential consequences thereof (the most extreme being the possible loss of his means of livelihood) may be as severe, acute and disturbing to a wage earner as any criminal penalty which may be imposed upon him by virtue of self-incriminating testimony given in a criminal matter. Able counsel for appellant further argues that to afford the subordinate any degree of protection whatsoever, the rule must be construed to shield him against the effect of incriminating testimony he is compelled to give against himself as well as derogatory or unfavorable evidence he is forced to give against his superiors, the appointing authority by which he is employed and the officials thereof. In this connection counsel for plaintiff takes the position the testimony given by plaintiff herein in the Reed case was both self-incriminating (although according to counsel erroneously given in good faith) and also derogatory quoad the appointing authority and its administrative officers inasmuch as it tended to show the prevalence in the department of an illegal practice apparently approved and endorsed by the officials thereof.
On the other hand esteemed counsel for the Commission takes the position the constitutional provision against self-incrimination is neither absolute and all inclusive nor without exception, limitation and restriction, since Article I, Section 11 of our State Constitution (which proviso grants said immunity) contains the following: "* * * Except as otherwise provided in this constitution."
Two constitutional exceptions or deviations from the rule against self-incrimination established by Article I, Section 11 of our State Constitution are noted by counsel for the Commission.
Article XIV, Section 15(0) (7) of the Louisiana Constitution provides as follows:
"(7). Witnesses; offenses, contumacy. Any person who shall fail to appear in response to a subpoena or to answer any question or produce any books or papers pertinent to any investigation or hearing, or who shall knowingly give false testimony therein shall be guilty of a misdemeanor and subject to the penalties provided in this Section. In case of contumacy or refusal to obey a subpoena issued to any person, any District Court of the State of Louisiana within the jurisdiction of which the inquiry is carried on, or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found, or resides, or transacts business, upon application by the appropriate Commission, shall have jurisdiction to issue to such person an order requiring such person to appear before the Commission, its member, agent or agency, and to produce evidence, if so ordered, or there to give testimony touching on the matter under consideration or in question; and any failure to obey such order of court may be punished by said court as a contempt thereof."
In Article XIV, Section 15(P) (1) of the Constitution of this state, we note:
"(1) Conduct of employees; refusal to testify; forfeiture of office. If any member of the State or City Commissions or any officer or employee in the State or City Civil Service shall willfully refuse or fail to appear before any Civil Service Commission, court, or judge, any legislative committee, or any officer, board or body authorized to conduct any hearing or inquiry, or having appeared shall refuse to testify or answer any question relating to the affairs *563 or government of the State or city, or the conduct of any State or city officer or employee on the ground that his testimony or answers would tend to incriminate him, or shall refuse to waive immunity from prosecution on account of any matter about which he may be asked to testify at any such hearing or inquiry, he shall forfeit his office or position and shall not be eligible thereafter for appointment to any position in the State or City Service for a period of ten years."
In view of the foregoing, capable counsel for the commission reasons thusly: Under the provisions of Article XIV, Section 15(O)(7) and Article XIV, Section 15(P) (1) of the State Constitution, an employee may not refuse to either testify before the Commission, give self-incriminating evidence or waive immunity from prosecution except under the penalties therein provided and as further established in Article XIV, Section 15 (P) (3) which fixes a maximum penalty of $1,000.00 fine and six month imprisonment, or both, for violation of the aforesaid constitutional provisions "or of the rules issued hereunder". Therefore, there being no immunity against self-incrimination in the case of a civil service employee, the Commission has no power to relax the restriction or limitation upon the privilege of those engaged in the civil service by the Constitution and laws of this state and to interpret rule 13.25(b) to the contrary is to strike same with nullity and additionally place a premium on perjury.
By virtue of Article XIV of our State Constitution the Commission has ample authority to adopt rules which shall have the force and effect of law. In this regard we note that Article XIV, Section 15(1), inter alia, states the following:
"(I) Rules and regulations; removal of names from lists; delegation of powers. There is vested in the State Civil Service Commission and in the appropriate City Civil Service Commissions for the several cities respectively the authority and power, after public notice and public hearing, to adopt, amend, repeal and enforce rules which shall have the effect of law, regulating employment, transfers, promotion, removal, qualifications, and other personnel matters and transactions, and employment conditions and disbursements to employees, and carrying out generally in the foregoing respects, and as may be otherwise necessary to that end, the provisions and purposes of Civil Service as herein provided * * *."
The foregoing leaves little room for doubt or argument that the Commission is duly authorized to adopt and promulgate such reasonable rules and regulations as, in its sound judgment and discretion, are necessary for the conduct of its business, affairs and hearings provided, of course, such rules do not violate, contradict or conflict with Article XIV, Section 15 of the Constitution of this State (The Civil Service Amendment to the Constitution) or any law enacted by the legislature in pursuance thereof.
Appellant herein is not charged with a violation of any provision of either Article XIV, Section 15(0) (7) or Article XIV, Section 15(P) (1) as indeed the contrary plainly appears inasmuch as it is appellee's contention appellant appeared and freely testified in the Reed case. Moreover, in both oral argument and in brief counsel for the Commission vigorously argues the record shows that appellant was discharged not because of his having testified in the Reed case but due to the Commission finding as a fact appellant submitted fraudulent expense accounts which finding is conceded to be predicated solely upon appellant's testimony appearing in the record of the Reed case. The issue thus becomes the question of whether rule 13.25(b) bars appellant's discharge founded solely upon his testimony given in a hearing before the
Commission in which he was summoned to appear as a witness.
We find no merit in the contention of appellee that the construction of Rule 13.25 *564 (b) advocated by appellant would render same null and void as being in contravention of Sections 15(O) (7) and 15(P) (1) of Article XIV of the Constitution of this state.
In the course of its opinion rendered herein the Commission in considering the effect of Rule 13.25(b) stated:
"The purpose of this rule is to protect an employee who testifies before this Commission from disciplinary action based solely on the fact that he testified. It was never intended to, nor does it purport to protect the employee from disciplinary action based on the content of his testimony. To hold otherwise would permit an employee to perjure himself without fear of disciplinary action, an obviously absurd result * * *" (Vol. I, p. 23 of Opinion.)
Appellee's argument that the interpretation of Rule 13.25(b) urged by appellant would encourage and place a premium upon perjury by rendering Civil Service Employees immune from prosecution for false swearing in proceedings before the Commission is utterly without foundation. For obvious reasons perjury will never be knowingly condoned or encouraged by legislative act or decree of a court. In the case at bar we detect nothing in the language of any pertinent constitutional provision or the rules of the Commission corroborative of appellee's contention an employee may not be held liable for perjury in a proceeding before appellee as a body authorized to receive sworn testimony. On the contrary, Section (c) of Rule 13.25 expressly states in unmistakable language that perjury before the Commission shall be punishable as provided for in Article XIV, Section 15 of the State Constitution. Assuming said Rule 13.25(c) were non-existent, false swearing as a witness before the Commission is declared a misdemeanor in Article XIV, Section 15(O) (7) of the State Constitution, supra, and also constitutes perjury as defined by the general criminal law of this state, more particularly Louisiana Criminal Code, LSA-R.S. 14:123. Appellant's conviction of the offense of perjury under either the rules of the Commission or the general criminal law of this state would most certainly render him subject to the criminal penalties provided therefor in addition to such disciplinary action as may be called for by the rules of the Commission. Appellant herein is not charged with perjury but is accused of filing a false expense account.
The obvious intent and purpose of Article XIV, Section 15(P) (1) of our State Constitution in decreeing that any civil service employee who refuses to testify, or claims the privilege against self-incrimination otherwise guaranteed by Article I, Section 11 thereof, or declines to waive immunity from prosecution in the giving of testimony in a hearing before the Commission, shall incur the economic penalties and sanctions therein provided, is to insure a full, complete and thorough disclosure of all relevant facts and circumstances concerning any matter before the Commission.
We submit that interpretation of Rule 13.25(b) is not a question of fact and as such (according to appellant) beyond the appellate jurisdiction of this court but rather a question of law which this court may consider on appeal. The rules of the Commission are clearly invested with such dignity and effect they are considered laws. Constitution of Louisiana, Article XIV, Section 15(I). Interpretation of laws is a function reserved exclusively to the Courts. Perry v. Com'rs, etc., of Clinton & Port Hudson R. Co., 11 Rob. 404; State ex rel. Belden v. Burgess, 23 La.Ann. 225; State Ex Rel. Parish Board of Health of Calcasieu Parish v. Police Jury of Calcasieu Parish, 161 La. 1, 108 So. 104.
It is to be presumed that a law (in this case a rule of the Commission) was enacted (adopted) to serve some legitimate purpose and not as a vain and useless gesture. Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111, Curet v. Hiern, La. App., 95 So.2d 699. In this connection we *565 note in 42 Am.Jur., Verbo Public Administrative Law, page 625, Section 210, the following:
"Since the statutes under which administrative authorities act contain the policy which the legislature desires to be pursued and the standards which are to control the pursuit of that policy, and judicial review is an additional assurance that the legislative policies will be executed, the matter of statutory construction is not finally intrusted to administrative officers, but is determinable ultimately by the courts, and the same rule applies to the construction of rules and regulations promulgated by an administrative authority."
To hold, as esteemed counsel for the Commission urges, that Rule 13.25(b) protects the employee only from disciplinary action based on his having testified and not from the content of such testimony is, in the judgment of this court, tantamount to declaring the rule totally meaningless and without effect. It can hardly be denied the applicable constitutional provisions forbid a civil service employee to assert the basic privilege of freedom from self-incrimination except under penalty of extreme economic duress. Said constitutional provisions impose no penalty upon the employee for giving testimony (except for perjury in the course thereof). The employee neither needs nor requires the protection which appellee attributes to Rule 13.25(b). A fortiori since the constitution literally demands the employee testify and waive the privilege involved when called upon to testify (under penalty of criminal as well as economic penalties in the event of his refusal), it must perforce protect him from disciplinary action by his employer predicated solely upon his having complied with the constitutional mandate imposed under such unusual and otherwise harsh circumstances. Any other conclusion, in our humble judgment, would do manifest violence to the fundamental principles of justice and equity. It is clear beyond all doubt that an employee must testify or expose himself to dire alternatives. To accept appellee's contention is to conclude that, without the cloak of immunity from disciplinary action provided by Rule 13.25(b), appellant is subject to dismissal by his appointing authority merely for having testified before the Commission while on the other hand he is subject to the penalties provided by the applicable constitutional provisions in the event of his failure to testify or claiming the privilege against self-incrimination. Such a conclusion would utterly destroy the security which the Civil Service Amendment to the State Constitution was designed to afford a classified employee. To so hold would invest every appointing authority with the most arbitrary, capricious and unreasonable power of dismissal as is within our capability of conception. By the simple expedient of summoning an employee to testify before the Commission, the appointing authority could insure his removal or disqualification for a period of ten years (in the event of his failure or refusal to testify or his claiming the privilege against self-incrimination or by declining to waive immunity), or effect his dismissal for having testified in obedience to the summons.
We likewise find no merit in appellee's contention that protection of the employee from disciplinary action based on the content of his testimony before the Commission violates the constitutional provisions involved herein. Our careful examination of the provisions to which counsel alludes reveals no language which appears to prohibit adoption of Rule 13.25(b). Neither, in our opinion, does the rule do violence to the spirit of the Civil Service Amendment to the Constitution. On the contrary the rule appears to be motivated by humane considerations and a desire to implement the aim of the Civil Service Amendment which is to guarantee the classified employee against unwarranted, arbitrary dismissal thereby obtaining for the state the premium benefit of increased efficiency and initiative on the part of its classified civil servants.
*566 It occurs to us that the Commission, realizing the onus imposed upon an employee and recognizing the predicament facing the employee called upon to testify (especially when compelled to give incriminating evidence against himself, his appointing authority or his superiors), adopted the rule in an effort to afford the employee some measure of relief by guaranteeing that such testimony, give virtually under compulsion, could not alone serve as the basis for disciplinary action against him. It further occurs to us that the rule is evidentiary and procedural in nature. It is a rule well within the rule making power and authority possessed by the Commission. It has the force of law; it affirmatively appears founded upon sound legal principle; it contravenes no law or section of the State Constitution and serves a legitimate purpose.
It follows that appellant's testimony before the Commission in the Reed case may not be used in evidence against him except for perjury in the giving thereof, and that his dismissal founded entirely upon such inadmissible evidence was unauthorized. Since the action of the Commission herein was predicated solely upon appellant's testimony in the Reed case, which evidence was inadmissible under the circumstances, the finding of the Commission based thereon must be set aside as an error of law. Since the only testimony against appellant was clearly inadmissible, there is no evidence to support the order of dismissal. Although this Court cannot review the Commission's finding of fact, (Article XIV, Section 15(O) (1)), as a matter of law the rulings of the commission are subject to reversal by the courts when the record contains no evidence in support thereof. Colvin v. Division of Employment Security, La.App., 132 So.2d 909. This, of course, is the corollary to the rule enunciated in Villemarette v. Department of Public Safety, La.App., 129 So.2d 835, to the effect that the courts are without authority to examine the weight or sufficiency of the evidence in cases of this character wherein there is some evidence to support the findings of the Commission.
Counsel for appellee assumes the position that the following language appearing in the Reed case, supra, can only be construed as a mandate from the Supreme Court of this state to discharge appellant:
"Of course, it does seem strange that removal action has not been taken against the other employees who committed misdeeds like that of plaintiff. However, that is a matter with which the Wild Life and Fisheries Department and the Civil Service Commission are solely concerned, plaintiff not having contended that he was discriminated against for political or religious reasons." [235 La. 124, 102 So.2d 871.]
It might well be that appellant's removal was instituted in deference to the foregoing remarks of the Supreme Court in an effort by appellee to escape what it could reasonably have inferred to constitute a charge of favoritism. Our careful reading of the opinion in the Reed case discloses nothing which would indicate a ruling to the effect that the evidence given by any witness in the Reed case could be used against him in a proceeding seeking his own discharge. Nor do we discern therein any language which might be construed as an unqualified mandate or directive to the effect that removal proceedings should be initiated against the employees appearing therein as witnesses irrespective of the character of evidence against them.
We interpret the cited remarks to mean simply that the unexplained failure to proceed against other employees who apparently committed similar offenses, while somewhat strange, was of concern only to the Commission and the employee involved considering no claim of discrimination was made by Reed.
The views herein expressed obviate the necessity of passing upon either the alleged deficiency of the notice issued appellant or appellant's claim of discrimination predicated *567 upon his alleged dismissal for political reasons.
For the reasons hereinabove set forth, the judgment herein appealed from is annulled, reversed and set aside and judgment rendered herein in favor of appellant Guy F. Hays and against defendants Louisiana Wildlife and Fisheries Commission and Louisiana Civil Service Commission reinstating said appellant in his former position as Wildlife Agent I (with permanent status) and awarding said appellant accumulated wages from July 31, 1958.
Reversed.
PER CURIAM.
It has been correctly pointed out on application for rehearing that the Louisiana Civil Service Commission was not a party to this appeal and that the use of the word "Commission" throughout our opinion in referring to both the defendant-appellee, Wild Life and Fisheries Commission, and to the Louisiana Civil Service Commission, may be misinterpreted with regard to the status of these two distinct bodies particularly with regard to appearances in this Court. Our opinion, therefore, should be read in light of the following explanation.
The parties in this appeal were the plaintiff-appellant, Guy F. Hays, a classified employee, and the defendant-appellee, Wild Life and Fisheries Commission, the appointing authority or employer. No other appearances were made before this Court.
Plaintiff-appellant was discharged by the defendant-appellee, and appealed therefrom to the Louisiana Civil Service Commission who dismissed the appeal after a hearing. The Louisiana Civil Service Commission in rendering its decision was functioning in a quasi-judicial capacity. In adopting its rules, it acted in a quasi-legislative capacity. In neither case did it have any interest in appearing before this Court in support of its findings and decisions, and, of course, it did not. Its position in this appeal can be compared to that of an inferior court whose decision has been appealed.
Any reference or allusions in our opinion to appellant's discharge or to contentions and arguments made by the "Commission" are intended to refer to the Wild Life and Fisheries Commission and should not be ascribed or imputed to the Louisiana. Civil Service Commission. On the other hand, references to the admission of evidence, rendition of a decision dismissing the employee's appeal, and to the opinion in support of the decision of the "Commission" are intended to refer to the Louisiana Civil Service Commission.
For these reasons our original decree will be amended, and the judgment of the Louisiana Civil Service Commission herein appealed from is annulled, reversed and set aside, and judgment rendered herein in favor of appellant Guy F. Hays and against defendant Louisiana Wildlife and Fisheries Commission reinstating said appellant in his former position as Wildlife Agent I (with permanent status) and awarding said appellant accumulated wages from July 31, 1958.
Rehearing denied.