LOTTINGER, Judge.
This is an appeal from an order of the Louisiana State Civil Service Commission ordering the plaintiff, Aubrey C. Duckett, reinstated to his position as Wildlife Agent 1 with full pay from the date of discharge, after a prior removal of the plaintiff by the Director of Louisiana State Wildlife & Fisheries Commission, hereinafter referred to as Wildlife & Fisheries Commission.
On April 1, 1964, Mr. Aubrey C. Duck-ett received a probationary appointment as Wildlife Agent 1, from the Wildlife & Fisheries Commission. He assumed the duties of that position and performed them until receipt of a letter dated July 28, 1964, from the Director of the Department of Wildlife & Fisheries notifying him that his probationary appointment would be terminated July 31, 1964, because his work “did not meet the standards expected and required of enforcement personel”.
*724 Mr. Duckett timely filed an appeal with the Louisiana State Civil Service Commission, hereinafter referred to as Civil Service Commission, in which he contended that he was dismissed because of his political affiliations. His appeal was based squarely on the constitutional provision which prohibits any discrimination with respect to employment in the classified service because of political affiliation as set forth in Section 15(N) (2) (6) of Article XIV of the Louisiana State Constitution, LSA.
A hearing was held at which evidence was presented, and as a result thereof, the Civil Service Commission entered an order attached to an opinion dated October 9, 1964, wherein they ordered that Mr. Duck-ett be reinstated to his position with full pay from the date of discharge.
It is from this order of the Civil Service Commission that the Louisiana Wildlife & Fisheries Commission has appealed to this Court.
As previously stated, Mr. Duckett received his probationary appointment on April 1, 1964, and began performing the duties of that position at that time. He continued to perform them until July 31, 1964 as a result of a letter dated July 28, 1964, which he received from the Director of the Louisiana Department of Wildlife & Fisheries wherein he was notified that his probationary appointment would be terminated July 31, 1964 and in which letter the Director stated to Mr. Duckett “in evaluating the services performed by you and the nature of work assigned to you, we are of the opinion and conclusion that it does not meet the standards expected and required of enforcement pcrsonel employed by this commission”.
At the Civil Service Commission hearing, Mr. Duckett testified that prior to his probationary appointment he openly supported the then incumbent legislator from Caldwell Parish, who was seeking re-election. He further testified that the opposing candidate made known to him that, unless he shifted his support, that the opposing candidate would use his influence to see that Mr. Duckett was not given the Wildlife & Fisheries job which he was seeking.
The record indicates that the incumbent legislator was defeated and that between the time of his defeat and the installation of the successful candidate, Mr. Duckett received his appointment.
Shortly after the new legislator was sworn into office, he took steps to remove Mr. Duckett from his position. He admits in his testimony that he hoped to have Mr. Duckett fired for political reasons and would have, if he could. He testified, however, that Mr. Duckett was removed because he was not “loyal” to his job, and stated that he had received many complaints that Mr. Duckett was devoting himself to his contracting business at the expense of his job with the Wildlife & Fisheries Commission. The legislator admitted in his testimony that his information about Mr. Duckett’s “disloyalty” to his job was purely hearsay. Although he testified that there were many people who had complained to him about Mr. Duckett, when pressed by Counsel for Mr. Duckett to furnish the names, he could only name one person among the many complainants which he had previously mentioned. This one person who was named was not produced by the Wildlife & Fisheries Commission to testify. As a matter of fact, no witness was produced and no testimony was elicited on behalf of the Wildlife & Fisheries Commission.
Mr. Duckett, on the other hand, testified in his own behalf, and in addition produced the testimony of his immediate and his superior supervisors, both of whom testified that Mr. Duckett’s work was completely satisfactory and “above the average”. The substance of that testimony was that they received no complaints regarding Mr. Duckett or his performance and that his discharge had come to both of them as a complete surprise. The records of the Wildlife & Fisheries Commission and the testimony of the supervisors of Mr. Duck- *725 ett bear out the fact that Mr. Duckett worked full time and was not absent from or derelict in his duties.
The Civil Service Commission found that the failure of the Wildlife & Fisheries Commission to produce the one person who was named by the legislator as having complained about the performance of Mr. Duckett’s duties, or as a matter of fact any other testimony, created a presumption that if that named individual had been called, his testimony would have been adverse to the position taken by the Wildlife & Fisheries Commission. The Civil Service Commission found that the same presumption arose from the Wildlife & Fisheries Commission’s failure to call Mr. J. D. Hair, Jr., the Director, who was signatory to the letter of discharge. The Civil Service Commission took the position that Mr. Hair was, in effect, the respondent to the appeal to the Civil Service Commission and a virtual party litigant. They go on to state in their opinion that it was not Mr. Duckett’s responsibility, as the Wildlife & Fisheries Commission Counsel suggests, to call Mr. Hair under cross-examination, and they state that no presumption flows from Mr. Duckett’s failure to call Mr. Hair. They cite as authority the case of Sterling v. McKendrick, La.App., 134 So.2d 655.
We have carefully reviewed the record in this matter and find that there is substantial evidence therein to support the factual determinations made by the Civil Service Commission. We further are cognizant of the rule of law that where there is substantial evidence in the record to support findings of fact by the Civil Service Commission that it is incumbent upon us to accept as true those findings of fact. See Cottingham v. Department of Revenue, 232 La. 546, 94 So.2d 662; Villemarette v. Department of Public Safety, La.App., 129 So.2d 835.
Accordingly, the order of the Louisiana State Civil Service Commission herein appealed from is affirmed.
Judgment affirmed.