ENOS C. McCLENDON, Jr., Judge ad hoc.
Eldred J. Paternostro was dismissed from the New Orleans Police Department by letter of dismissal dated July 5, 1957, signed by Provosty A. Dayries, Superintendent of Police.
The New Orleans Civil Service Commission affirmed the dismissal and this appeal was taken.
Under the provisions of the Louisiana Constitution (Article 14, Section 15 (N) (1)) LSA requiring that the cause of dismissal be set forth by the appointing authority in the letter of dismissal the following letter was addressed to appellant:
“July 5, 1957
“Captain Eldred Paternostro
“5819 Annunciation Street
“New Orleans 15, Louisiana
“In Reply Refer to: S-6
“Dear Captain Paternostro:
“You were suspended on March 8, 1957, at the time I was notified of your indictment by the Federal Grand Jury for the Eastern District of Louisiana filed March 8, 1957, in which the Grand Jury charges that you made false and untrue statements to an Agent of the Intelligence Division, Internal Revenue Service, Treasury Department, and that you gave false testimony before the Federal Grand Jury in connection with the collection and distribution of graft money among members of the New Orleans Police Department. From my study of the Indictment, it is apparent that you have failed to testify truthfully in this matter and that you are therefore guilty of conduct unbecoming an officer.
“In line with my recently announced policy that I will dismiss any member of the department who fails to testify truthfully before duly authorized agencies of government, I hereby dismiss you from the service of the Department, effective immediately.
“If you feel that this action is improper, you have the right to appeal to the City Civil Service Commission.
“Very truly yours,
“/s/Provosty A. Dayries
“Provosty A. Dayries
“Superintendent of Police
“PAD: me
“cc: Personnel
“City Civil Service”
While his appeal was pending before the commission, the appellant sought and was granted many continuances because of his *814 pending case under the indictment in the Federal Court. After several such continuances and on January 8, 1959, the Commission refused to grant any further continuance unless appellant agreed to waive his claims to back pay, which waiver was agreed to and stipulated into the record on that date and on several other occasions. (Minute Entries, Civil Service Commission, Transcript pages 370-374).
On July 24, 1959, before any hearing on his appeal, appellant and the Police Department presented to the Commission a joint motion seeking reinstatement of appellant under certain terms and conditions relative to his back pay. This motion was rejected by the Commission for the reason that more than one year had elapsed since dismissal of appellant from his civil service position and, under Rule VI, Section 4.6 of its Rules, the Commissioii was prohibited from approving such joint request.
Appellant filed motion for summary dismissal of the charge brought against him and for a summary judgment contending that his dismissal was based solely upon the fact of his indictment by the Federal Grand Jury and was, therefore, illegal and that the letter of dismissal was fatally defective in that it is too vague to definitely inform appellant of the cause for the action taken as required by the Constitution.
The Commission held the letter of dismissal to be adequate and overruled appellant’s motions.
The Constitution of Louisiana in regard to this matter reads as follows:
Article 14, Section 15:
(N) (1) “No person in the State or Classified Service, having acquired permanent Civil Service Status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to file facts, shall be on the employee.”
It further states in Section 15(0) (1) that the decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted on any question of law.
Upon completion of the hearing of the appeal, the Commission made certain findings of fact and reached certain conclusions of law as set out in its decision.
Appellant sets forth in his brief those particulars in which he contends the Commission erred under the heading “Specifications of Error”.
Under the restriction imposed by the Constitution this Court will limit itself to an examination of the questions of law raised by the appeal.
Specifications of Error two and three in appellant’s brief relate to the refusal of the Commission to grant summary relief based upon the inadequacy of the letter of dismissal.
If, as contended by appellant, the dismissal letter is based solely upon the fact of appellant’s having been indicted, then under the Commission’s own ruling in the Hearty case, (which case was before the Supreme Court of this State as Hearty v. Department of Police, City of New Orleans, 238 La. 956, 117 So.2d 71) the letter is defective since an indictment is only an accusation and not proof of the act charged.
Appellant further contends in this connection that the letter of dismissal was fatally defective in failing to set forth the cause of dismissal with sufficient particularity to enable the dismissed employee to properly present his case on appeal to the Commission and to defend the charges made under the constitutional requirement that he sustain the burden of proof.
There is considerable support for appellant’s position on this latter point in the very recent case of Hays v. Louisiana Wildlife & Fisheries Commission, 143 So.2d 71, decided by the Supreme Court of Louisiana. *815 This case concerned the dismissal of an agent for the collection of the same expenses from two sources. The letter of dismissal in that case was subject to more than one interpretation and one of appellant’s complaints on appeal was that it did not give detailed reasons for the action of the appointing authority. The Commission did not rule upon this contention, but affirmed the dismissal. The Court of Appeal, First Circuit, La.App., 136 So.2d 559, reversed the Commission’s finding and reinstated appellant for the reason that he had been discharged solely on testimony given by him at a Commission hearing in which he was summoned as a witness which evidence was inadmissible under Rule 13:25(b) of the State Civil Service Commission. This rule protects employees from disciplinary action because of their giving testimony they are required to give before the Commission. Certiorari was granted by the Supreme Court and, although it affirmed the Court of Appeal, it reached its conclusion by a different route. After placing a different interpretation upon Rule 13:25(b), the Supreme Court then examined the letter of dismissal in detail and concluded that it was not sufficiently clear to determine whether the cause of dismissal was the fact that appellant had testified to having done certain acts or whether it was the fact that he had actually done these acts, i. e., signed false expense accounts. In that case the conclusion was that the letter, considered most favorably to the position of the appointing authority, was not sufficiently detailed to comply with Civil Service Rule 12.3, which declares in substance, that in every case of removal of a permanent employee for cause, the appointing authority shall furnish to the employee “ * * * a statement in writing giving detailed reasons for such action.”
In the present case, although we are cited no rule of the New Orleans Civil Service Commission with the exact wording of the State Civil Service Rule 12.3, the Constitutional provision (Article 14, Sec. 15 (N) (1)) is certainly comparable.
The analogy between the letter of dismissal in the Hays case and that in the present case is striking. In the Hays case the reasons were set out in even greater detail than those in the letter quoted above herein addressed to Paternostro.
Assuming, however, the sufficiency of the letter of dismissal, this Court is of the opinion that the Commission may have erred in its conclusions based upon a finding not included under the heading “Findings of Fact”, but quite as important as some of the findings listed. In its ruling as found on page 36 of the transcript the Commission stated:
“This Commission does not find that Paternostro did or did not receive graft or knew about the system of graft. This Commission does find that the Superintendent had cogent evidence in which to conclude that Pasternostro did receive graft and knew about the system of graft This Commission will not second-guess the Superintendent on these points. Concluding that the Superintendent had substantial evidence before him to determine whether or not appellant testified truthfully or untruthfully, the Commission finds no proof that the Superintendent acted arbitrarily.”
If the real cause of dismissal was appellant’s failure to tell the truth before Federal Agents and the Federal Grand Jury, both conducting investigations of alleged graft in the Third Police Department of New Orleans during a period when appellant was serving there, then surely the Commission must find what the truth is in so far as it relates to appellant before it can be in a position to affirm or reverse the appointing authority’s dismissal.
As Mr. Justice McCaleb so aptly stated in his dissent in the Mayerhafer case (Mayerhafer v. Department of Police of the City of New Orleans, 235 La. 437, 104 So.2d 163):
“For the civil service amendment provides that no classified employee *816 shall he disciplined or discriminated against except for cause. Art. XIV, Sections IS (A) (1) and 15(N) (1), La. Constitution. The civil service commission is vested with exclusive jurisdiction to decide appeals of employees from such adverse administrative action and to decide the legality thereof, Art. XIV, Sec. 15(0) (1), and thus its function, inter alia, is to decide whether the cause of discharge expressed by the appointing authority does or does not exist in fact. The commission abdicates its function of review if it states, without itself finding that the cause for discharge does in fact exist, that there was evidence before the appointing authority from which the latter might have concluded that cause for discharge existed.
“The Civil Service Commission is an administrative board of a quasi-judicial character, and it is for that reason that this Court, on its review of the commission’s decisions on questions of law alone, has applied the well-established doctrine that it will not substitute its judgment for that of the commission in the absence of a clear abuse of discretion. See Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24, and other cases cited in the Broussard case, supra. But this principle cannot be resorted to by the commission in deciding employees’ complaints of discriminatory action; the commission hearing of these cases is not the review of an action taken by another board or tribunal; it is the first hearing of an adversary nature in which the employee has the right to present his side of the case and, although the burden of proof is on the employee, the commission cannot surrender its function of determining whether in fact cause existed for the employee’s discharge by resort to a rule that the action of the appointing authority will not be disturbed unless found to be arbitrary or capricious or a rule that the discharge will be upheld if a private employer, with no constitutional prohibition against discharges without cause, might in comparable circumstances have acted likewise.”
In the present case the appointing authority, Superintendent Dayries, had before him certain reports and statements at the time of appellant’s dismissal. In addition to these reports and statements the Commission heard witnesses testify, except the chief witness for the appointing authority, Sgt. John Bray, whose testimony was taken by deposition over appellant’s strenuous objections. Certainly with the same information plus additional evidence before it the Commission should have made its own determination of fact as to the cause of dismissal.
We are of the opinion that the Commission erred in concluding that Broussard v. State Industrial School, 231 La. 24, 90 So.2d 73, has the effect of limiting its review to a determination of whether appellant’s dismissal by the appointing authority was arbitrary or motivated by religious or political considerations.
We conclude that the Commission had the duty of determining as an independent fact whether appellant did or did not know of or participate in a.system of graft which it found to exist.
The Commission’s ruling is reversed and the case is remanded to be tried in conformity with the views herein expressed.
Reversed and remanded.