REDMANN, Judge.
A former New Orleans police officer appeals from the city Civil Service Commission’s upholding of his April 19, 1973 suspension and July S, 1973 dismissal by the Superintendent of Police as a result of an alleged theft of five boards from a building site.
Our review of the Commission’s action is limited to questions of law, La.Const. (1921) art. 14 § 15(0) (1), and we must therefore accept the Commission’s factual findings based on substantial evidence, Cottingham v. Department of Revenue, 1957, 232 La. 546, 94 So.2d 662. The Commission found, from sufficient evidence, that two other police officers discovered appellant with his brother and his roommate in a van through whose rear doors lumber protruded; that appellant jettisoned the lumber during a circuitous route through uptown New Orleans; that at some time appellant stated to one of the two police officers who apprehended him that he had “copped some lumber” from a building site near the location at which the officers first saw the van; that the testimony of the investigating officers was truthful (and appellant’s not wholly truthful) ; that no probative evidence supported appellant’s contention he was being *397 “framed;” that the appointing authority therefore had cause for the disciplinary action, which the Commission affirmed. These findings, labeled as such in the Commission’s opinion, followed a prefatory observation by the Commission that although the evidence “may have fallen short in a criminal proceeding based on a charge of theft, . . . the actions, statements and conduct of the appellant and the circumstances and events with which the Appointing Authority was confronted and which were recounted at the hearing by witnesses, were sufficient to support the disciplinary action taken against the appellant.”
Appellant was arrested on a charge of possession of stolen property shortly after he jettisoned the lumber, about 1:30 a. m. April 19. He was suspended as a police officer at 4 a. m. April 19, by letter describing the cause of suspension by specifying the date, hour and address of his being detained after jettisoning the lumber, but otherwise reciting only that his action violated police department regulation art. 27, obliging “adherence to law” and action in obedience to law.
We first rule that the written notice of suspension, given as part of one continuing act including arrest on the written criminal charge of possessing stolen property, was sufficient compliance with the constitutional requirement that the cause be “expressed in writing,” Const, art. 14 § 15(N)(1). We therefore reject appellant’s contention that the appointing authority did not give him written reasons for its action until 77 days after the suspension.
The notice of dismissal was 21 pages long, and there is no suggestion that it failed to state the cause.
Appellant complains of the latter notice’s recital of department' regulation arts. 26 and 29 (in addition to art. 27). Appellant argues that arts. 26 and 29 (“Truthfulness” and “Personal Conduct”) are so overbroad and vague as to fail to notify police officers of the behavior required. We agree with the Commission that this constitutional argument need not be decided, since appellant’s discharge is upheld on grounds of violation of the criminal law.
Appellant also argues that the Commission did not “make an independent finding” that he had stolen the lumber (or possessed it) and therefore its action must be reversed, as in Paternostro v. New Orleans Police Dept., La.App.1962, 146 So.2d 812. We disagree with appellant’s evaluation of the Commission’s opinion in this case. In Paternostro, the Commission stated it “does not find that Paternostro did or did not receive graft . . .,” 146 So.2d at 815; the Commission merely found that the appointing authority had cogent evidence. Here, the Commission did make findings, which we have earlier recited and which support the Commission’s affirmation of the disciplinary action.
The Commission’s action is affirmed.