REDMANN, Judge.
A New Orleans police officer appeals from the Civil Service Commission’s upholding of his suspension for 90 days for having, at a Fraternal Order of Police dance, “consume[d] alcoholic beverages to the extent that his behavior [had] become obnoxious, disruptive or disorderly”, quarrelled or fought with another officer (his captain), and disregarded “instructions” of his captain, all in violation of departmental regulations. We affirm.
*596 We first reject, as unsupported by the wording just quoted, appellant’s argument that he could not have violated the alcohol regulation unless he became “intoxicated” and the Commission declined to find that he did. Appellant does not dispute that his behavior became obnoxious, disruptive or disorderly, and any consumption of alcohol producing this effect is prohibited by the regulation.
Appellant argues that he did not violate “instructions” (the regulation’s word) because no direct orders were given him. Instructions were, however, given by his captain to him in person in clear language, that he remove himself from the area of a broken-bottle-assault by a non-policeman at the dance, and then, outside after the dance, that he go home; and those instructions were disregarded, with reviling and threat of beating the captain.
Appellant argues, further, that the regulations’ wording is unconstitutionally vague or overbroad, and that constitutional guarantees of freedom of speech protect his off duty “verbal statements.” These arguments are answered by Arnett v. Kennedy, 1974, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15.
Appellant argues that he was denied a polygraph test, but he wanted it to cover only two uncritical areas of the case. We see no prejudice to him by refusal of the test.
Appellant argues that his captain was precluded from conducting the investigation by a regulation that “a member [of the department] shall take no action in a matter normally within the scope of his duties to which he is an interested or involved party . . . .” Under appellant’s interpretation, no superior reviled by an officer could ever take action. The customary interpretation of the department, as testified to, is to the contrary, as is our own. Although the immediate suspension came from the captain, the ultimate confirmation of suspension and the fixing of its term came from the superintendent. We therefore find no prejudice in the captain’s participation in the initial suspension and the departmental investigation.
Affirmed.