SCHOTT, Judge.
This is an appeal from a decision of the City of New Orleans Civil Service Commission upholding the dismissal of appellant as a police officer.
The Commission found that 1) appellant had traces of marijuana in his possession at his home and rejected his explanation that these items had come into his possession accidentally months before and thereafter he forgot about them; and 2) appellant along with others had smoked marijuana at a party where two juvenile girls were present. As to the latter, the Commission noted that the evidence was insufficient to support a criminal conviction.
We have reviewed the record, including statements taken while the matter was being investigated by the Police Department, and evidence taken before a hearing examiner, including the testimony of appellant and the two juvenile girls. This evidence supports the findings of fact made by the Commission.
On appeal, appellant attacks the regulations under which he was dismissed as unconstitutional, and he maintains that the Commission erred in sustaining his dismissal without making an independent finding of fact that he did commit the offense for which he was dismissed.
Appellant was disciplined under five articles of the Police Department regulations. Article 27 requires that members obey the laws of the State of Louisiana, Article 49 prohibits members from the use or possession of drugs as defined by the criminal laws of the State of Louisiana, Article 53 defines neglect of duty as failure to comply with instructions from an authoritative source and failing to take appropriate police action, Article 54 prohibits a member from disregarding or violating the rules of the Department and from failing to follow instructions from authoritative source, and Article 29 mandates truthfulness on the part of members. Appellant’s arguments that these regulations are unconstitutionally vague or overbroad are answered in Arnett v. Kennedy, 1974, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15. See MacCracken v. Department of Police, 337 So.2d 595 (La.App., 4th Cir. 1976). In any event, the real basis for appellant’s discharge was his violation of Articles 27 and 49, the unconstitutionality of which can hardly be assailed on a reasonable basis.
This case is much the same as Knight v. New Orleans Police Department, 302 So.2d 396 (La.App., 4th Cir. 1974). Although the Commission made the statement that the evidence might be insufficient to support a criminal prosecution it did make an independent finding based on sufficient evidence to support appellant’s dismissal for engaging in unlawful activities. The case is distinguishable from Paternostro v. New Orleans Department, 146 So.2d 812 (La. App., 4th Cir. 1962) on the same basis as the Knight case was distinguished.
The judgment appealed from is affirmed.
AFFIRMED.