**60 So.2d 74**

### BARCENA et al. v. CITY OF NEW ORLEANS.

#### No. 39418.

July 3, 1952.

Irwin W. Rosenthal, New Orleans, for plaintiffs-appellants.

Henry B. Curtis, City Atty., Grady C. Durham, Asst. City Atty., New Orleans, for defendant-appellee.

McCALEB, Justice.

The widow and heirs of Henry Dominic Barcena are suing the City of New Orleans to recover salary allegedly due the decedent as an employee in the City Civil Service System from May 16, 1946 until April 24, 1947, the date of his death. The claim

is grounded upon the unlawful dismissal of Barcena from his employment as Clerk of the Recorder's Court on May 17, 1946 and his subsequent reinstatement with pay for time lost, by order of the City Civil Service Commission on July 1, 1946. Plaintiffs contend that they are entitled to recover his salary from May 16, 1946 to July 12, 1946, when he was dismissed from classified civil service for cause, and that, as he was earning $250 per month, the amount due by the City for the aforesaid period is $475. And they further assert that, inasmuch as Barcena was not given this salary within 24 hours following his demand therefor at the usual place of payment, the City became liable for the penalty provided by Act 138 of 1936, LSA–R.S. 23:631, 23:632, being the amount of his full wages from the time of his demand for payment until the date of his death, plus reasonable attorney's fees. Thus, the total claim is for $2,816.64 and attorney's fees.

After joinder of issue by answer of the City, in which all liability was denied, the case was heard on a stipulation of facts, supplemented by documentary proof, and resulted in judgment rejecting plaintiff's demand in its entirety. Wherefore the appeal.

Barcena was employed by the City of New Orleans from 1937 until May 17, 1946, as Clerk of the Recorder's Court. On that date, he was discharged by the Mayor for the assigned reason that his employment was not subject to the City Civil Service law, LSA–R.S. 33:2391 to 33:2433 (formerly Act 171 of 1940, as amended). He appealed to the City Civil Service Commission and, on July 1, 1946, that body decided that the position of Clerk of the Recorder's Court was classified under civil service and that Barcena was discharged for political reasons. Accordingly, it was ordered that he be reinstated in his employment and that he "be reimbursed for such loss of pay as he suffered because of said dismissal".

Following this ruling the Mayor, on July 12, 1946, notified Barcena by letter that he was dismissed from his position for acts prejudicial to the Civil Service System. And, on August 21st, the dismissal of July 12th was supplemented by another letter setting forth various acts of commission and omission upon which the discharge was predicated. Barcena again appealed to the Civil Service Commission where, after a protracted hearing, it was found that the Mayor had just and sufficient cause for dismissing him from the service of the City.

The trial judge, in holding that plaintiffs were not entitled to recover any portion of the salary claimed by them, was of the opinion that, since Barcena was discharged for causes originating prior to May 16, 1946, nothing was due him after that date.

We are unable to subscribe to this view. Barcena was not discharged for cause on May 16, 1946 and his removal from his position was subsequently set aside by the Civil Service Commission, which re-

instated him and ordered that he be reimbursed for the pay he had lost by reason of his unlawful dismissal. This decision was binding on the City and it matters not that he could have been discharged on May 16th for causes for which he was afterwards dismissed on July 12th. Under the Civil Service System, it is not the date of commission of the acts on which the dismissal is predicated that separates the employee from the service—it is the date of the discharge founded on cause. And the City is liable for salary until notification of removal and grounds therefor has been sent to the employee and the City Director of Personnel. LSA–R.S. 33:2423.

On the other hand, it is clear that the City is not liable for the penalties plaintiffs attempt to invoke under Act 138 of 1936. That statute, which imposes upon persons, firms or corporations the duty of paying their discharged employees within 24 hours after dismissal, does not apply to those engaged in public service.

The term "corporations", appearing in the statute, is used in its ordinary sense; it means private corporations and was not intended to include municipalities. Words & Phrases, Vol. 9, pages 681, 712 et seq.

The judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiffs and against the City of New Orleans for the full sum of $475, with legal interest thereon from judicial demand until paid and for such costs as are allowed by law.