165 So.2d 556 (1964)
Guy F. HAYS
v.
LOUISIANA WILD LIFE AND FISHERIES COMMISSION.
No. 6169.
Court of Appeal of Louisiana, First Circuit.
June 1, 1964.
Rehearing Denied July 1, 1964.
*558 Tate & Tate, by Paul C. Tate, Mamou, for appellant.
Ellis C. Irwin and Harry H. Howard, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This present appeal has been taken by Guy F. Hays, plaintiff, a judicially reinstated Classified State Civil Service Employee, *559 from the decision of the State Civil Service Commission (sometimes hereinafter referred to as the "Commission"), rejecting and dismissing appellant's demand for (1) periodic merit step-increases in pay which would otherwise have accrued during the interval between his improper discharge by his employer, defendant herein, Louisiana Wild Life and Fisheries Commission (sometimes hereinafter referred to simply as "appointing authority" or "employer"), and his re-employment in his former position pursuant to judicial decree; and (2) attorney's fees paid or incurred by appellant to secure payment of accumulated wages allegedly unlawfully and capriciously withheld from appellant upon restoration to his prior position.
Narration in some detail of the protracted chronology of circumstances culminating in the present appeal is deemed essential to a clear understanding of the questions of law presented for our resolution herein.
Appellant, Guy F. Hays, was discharged from his position as Wild Life Agent I in the Classified State Civil Service, effective July 31, 1958. His dismissal was affirmed by the Commission, but, on appeal to this Court, the Commission's ruling was reversed and appellant ordered reinstated with accumulated wages from the date of his discharge. (See Hays v. Wild Life and Fisheries Commission, La.App., 136 So.2d 559.) The Supreme Court granted certiorari and in its decision rendered June 29, 1962, reviewing the judgment of this court, disagreed with certain pronouncements contained in our decision but nevertheless affirmed the judgment of this court on other grounds. (See Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71.)
One month subsequent to the Supreme Court's decision and precisely four years after appellant's discharge, namely, on July 30, 1962, Hays was restored to the classified position he formerly held.
In order to effect collection of the back pay to which he had been adjudged entitled, appellant was compelled to resort to mandamus proceeding presented to the Honorable Thirteenth Judicial District Court, Evangeline Parish, wherein appellant was domiciled. In said proceeding the trial court held appellant was entitled to receive back pay for four years at the rate of $295.00 monthly, his former salary, plus the sum of $15.00 monthly which had been granted all state employees as an across-the-board automatic pay increase in the nature of a cost-of-living adjustment. The trial court, however, rejected appellant's claim for an additional sum representing periodic merit step-increases in pay granted all other employees of appellant's classification and rate of pay during the period of appellant's absence from the classified service due to his improper discharge. The trial court's denial of appellant's claim for periodic merit step-increases in pay was predicated on the finding such increases are discretionary and based on merit ratings and satisfactory performance of duties and the issue of alleged discrimination by failing to grant such increases is a matter solely within the jurisdiction of the Commission on appeal to that tribunal, the district court having no authority to try such issue upon suit for mandamus. The judgment of the aforesaid trial court further granted appellant "a period of thirty (30) days, counting from the date upon which this judgment becomes final, to present to the Louisiana Civil Service Commission his complaint and claims concerning discrimination in the amount of his compensation during the periods" of his improper discharge. The appointing authority appealed the decision of the Honorable Thirteenth Judicial District Court, Evangeline Parish, which appeal was answered by the employee. The Court of Appeal, Third Circuit, affirmed the judgment of the district court in its entirety. (See Hays v. Louisiana Wild Life and Fisheries Commission, La.App., 153 So.2d 562.) Rehearing was denied by the Court of Appeal, Third Circuit, following which application for writs of certiorari were filed in the Supreme Court and denied by that forum on June 28, 1963. (See Hays v. *560 Louisiana Wild Life and Fisheries Commission, 244 La. 902, 154 So.2d 769.)
On July 26, 1963, appellant filed notice of appeal with the Commission charging the appointing authority with discrimination in the following respects:
(1) By arbitrarily refusing to pay to Hays accumulated wages until July 12, 1963, causing Hays to incur expenses in excess of $4,000.00 for the collection thereof.
(2) By refusing to reinstate Hays at a salary level reflecting the salary increases given during his illegal separation to all others similarly situated with the same performance rating.
(3) By depriving Hays alone in his area of the necessary equipment, such as a boat, motor, radio, and other items, needed by him for the performance of his duties and the accumulation of a respectable number of arrests to his credit.
The Commission, after full hearing of plaintiff's appeal taken pursuant to the decision in Hays v. Louisiana Wild Life and Fisheries Commission, La.App., 153 So.2d 562, dismissed same on the grounds the appeal was not timely taken and the Commission was without jurisdiction to rule upon alleged discrimination with respect to salary step-increases. Anticipating the possibility of "judicial disagreement" with its conclusion regarding the timeliness of plaintiff's appeal and its lack of jurisdiction with respect to alleged discrimination in the field of salary increases, the Commission made certain findings of fact and reached certain conclusions predicated upon which it denied the relief sought by appellant.
The appointing authority maintains the Commission properly held this appeal untimely taken upon authority of the Commission's Rules, more particularly Rule 13.12 which provides as follows:
"13.12 Delay for Making Appeal.
"No appeal shall be effective unless notice thereof is filed with the Director at his office in the Department of Civil Service at Baton Rouge, within thirty (30) days following the action complained against, or within thirty (30) days following appellant's knowledge thereof or where written notice is given of an action to be thereafter effective, within the thirty (30) days following the date on which such notice is given."
In this regard the appointing authority argues the Commission, by virtue of the rule making authority conferred upon it by LSA-Constitution, Article XIV, Sec. 15 (I) is vested with sole authority and power to adopt and enforce rules fixing the procedure, the time within which appeals must be taken to it and all other matters pertaining to appeals before the Commission, consequently, neither the Thirteenth Judicial District Court nor any other court has the right, power or privilege of prescribing a rule fixing the delay for taking of an appeal to the Commission. More particularly, the appointing authority contends that under the aforesaid Rule 13.12 it was incumbent upon the employee to institute his claim for step-increases in pay within thirty days of the date of his reinstatement on July 31, 1962, because as of that date he was aware he would not be granted the salary step-increases claimed herein and because of the rule making power vested in the Commission under the above cited constitutional provision, no court possessed authority to extend the time for appeal as fixed in the Commission's said rule.
Assuming arguendo, the correctness of the Commission's ruling with respect to the district court's lack of authority to fix such a delay with respect to an appeal from the court's decision to the Commission, it is of the utmost significance that the judgment of the district court was appealed by the appointing authority and affirmed by our brothers of the Third Circuit *561 "in all respects." Certiorari having been denied by the Supreme Court, the matter therefore became final and res adjudicata between the parties thereto. This court is manifestly without authority to reverse the judgment rendered by the Court of Appeal, Third Circuit, even if this tribunal were so inclined. Obviously the proper forum for the desired reversal was the Court of Appeal, Third Circuit, when the judgment of the trial court was on appeal before that forum.
Our conclusion that this appeal was improperly dismissed as being untimely filed does not, however, rest entirely on the above stated reasons. In Bonnette v. Louisiana State Penitentiary, La.App., 148 So. 2d 92, we considered the question of an appeal which reputedly failed to comply with the Commission's rules. After hearing the appeal, the Commission dismissed the appeal because it did not comply with Rule 13.11 which prescribes the content of the notice of appeal which must be filed. In the Bonnette case, supra, we called attention to Rule 13.14 of the Commission which states that an appeal cannot be summarily dismissed unless dismissal is moved for by the appointing authority within the time prescribed in said Rule 13.14, the pertinent portion of which reads as follows:
"13.14 Summary Dismissal of Appeal
"Within ten (10) days after the docketing of an appeal a written request for its summary dismissal may be filed by the authority or person against whose action the appeal has been taken, on any of the following grounds, provided no controverted fact is involved in the question:
"* * *
"(c) That the appeal has not been made in the manner prescribed, or within the time fixed, by these Rules." (Emphasis added.)
The appointing authority having failed to move to dismiss appellant's appeal in conformity with the provisions of Rule 13.14 of the Commission's rules, it follows that dismissal by the Commission was in violation and contravention of its own rules and therefore improper. Bonnette v. Louisiana State Penitentiary, supra.
In disavowing its jurisdiction to consider an appeal based on alleged discriminatory denial of salary step-increases, the Commission predicated its decision on its own rules which provide that such increases are first conditioned on merit ratings and are then discretionary with the appointing authority, therefore, the Commission has no authority to entertain an appeal founded on the premise such increase should be mandatory. The Commission then concluded as follows:
"We conclude also that this Commission lacks jurisdiction to review the action of the appointing authority in denying the step increases. The only appeals which this Commission may consider, in addition to reviewing actions involving the legality of removal and disciplinary cases, are those in which the charges address themselves either (a) to the deprivation of a right granted by the Amendment or by a rule adopted pursuant thereto; or, (b) to a discrimination forbidden by the Amendment or a rule. (Const. Art. XIV, Sec. 15, (O)(1) and (2); Rule 13.10.)
"We find nothing in the Amendment or Rules constituting salary step-increases as mandatory. On the contrary, the Rules (Chapter 6) make it abundantly clear that the granting of salary step-increases is discretionary with the appointing authority, and should be awarded solely as a recognition of meritorious service."
LSA-Constitution, Article 14, Section 15, (O)(1) clearly vests in the Commission the exclusive right and authority to "hear and decide all appeals and the legality of all removal and disciplinary cases". The right of appeal is given all persons in the classified service who allege they have been *562 deprived of their rights or discriminated against under the provisions of the Civil Service Amendment. LSA-Const. Article 14, Section 15(0)(1) and (2). The general rule regarding alleged discriminatory practices is found in LSA-Const. Article 14, Section 15(N)(1), which provides as follows:
"(N)(1). Employees' rights and obligations; dismissal, etc. for cause. No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority. (a) The burden of proof on appeal, as to the facts, shall be on the employee." (Emphasis added.)
There can be little doubt but that Section 15(N)(1) was intended to prevent discrimination in any manner or form whatsoever. That certain matters rest within the sound discretion of the various appointing authorities neither excuses, justifies, permits nor condones discrimination. It is obvious that an appointing authority may discriminate in the exercise of a purely discretionary function by denying or withholding benefits or advantages to a particular employee or group of employees for improper motives such as bias, prejudice or personal animosity. To hold otherwise is but to give appointing authorities the opportunity to circumvent the constitutional prohibition against discriminatory practices by the simple expedient of ingenious and imaginative exercise of their discretion. It is equally obvious, we believe, that if the exercise of one's discretion is motivated by or results in discrimination against a given employee, without cause or justification, it constitutes an abuse of discretion and is nothing more than prohibited discrimination.
Our brothers of the Third Circuit, while properly refusing to decide whether appellant was discriminated against, nevertheless also properly recognized the discretion vested in appointing authorities with respect to salary step-increases. They further noted, however, that notwithstanding the discretion involved in such matters, the exercise thereof may have occurred under circumstances amounting to illegal discrimination against appellant. In this regard we approvingly cite the following language appearing in Hays v. Louisiana Wild Life and Fisheries Commission, La.App., 153 So.2d 562:
"These `step increases' are granted to employees on the basis of their merit ratings and satisfactory performance of their duties. They are discretionary with the appointing authority.
"Under these circumstances, we agree with our trial brother that the question is not before us of whether the defendant Commission abused its discretion by failing to grant to the plaintiff employee the same merit step-increase in pay as were accorded all other employees of his status during the period of his illegal dismissal from the state civil service. If the defendant agency illegally discriminated against the plaintiff by failing to grant him these stepincreases in pay, the Civil Service Commission is under our constitution vested with exclusive jurisdiction, subject to judicial review, to hear complaints of civil service employees that they have been subjected to discrimination prohibited by our Civil Service Amendment." (Emphasis added.)
Although the Commission is powerless to interfere in the lawful exercise of discretion by an appointing authority, nevertheless, by the clear and unambiguous provisions of LSA-Const. Art. 14, Section 15 (O)(1), the Commission is under the obligation of entertaining the appeal of an employee who alleges discrimination contrary to the terms of (N)(1) of the same Constitutional Article and Section. Having jurisdiction of the subject matter of appellant's complaint, the appeal herein *563 was improperly dismissed by the Commission.
Passing now to the merits of the instant appeal, we note that the Commission made certain factual findings including, inter alia, the following:
"Appellant failed to establish that anyone capable of binding the Wild Life and Fisheries Commission or Department practiced any unlawful discrimination against him in the distribution of equipment. The evidence shows that there is a general shortage of equipment in the Department. Appellant has not been ordered to do anything for which he lacks proper equipment." (Tr. 16)
Predicated upon the foregoing factual determination, the Commission concluded appellant failed to support his complaint of unlawful discrimination relative to equipment. This particular complaint is not re-urged before us and is therefore considered abandoned.
The Commission also found the following significant facts:
"During appellant's absence occasioned by the discharge finally pronounced illegal by the Courts, all Wildlife Agents I, actually in service at a salary of $295.00 as of the date of the Hays' (sic) dismissal, received salary step increases aggregating $45.00 per month, in addition to the cost-of-living pay adjustment of $15.00 received by all state employees as of January 1, 1961.
"Pursuant to the judicial decree aforesaid appellant has received $16,245.00 for his accumulated pay at the rate of $295.00 per month from August 1, 1958, plus the added $15.00 per month non-discretionary salary increase. Appellant is presently receiving $310.00 per month. Others similarly situated on July 31, 1958, are now receiving $355.00." (Tr. 15-16)
On the basis of the foregoing facts, the Commission concluded:
"* * * it declares that if it had jurisdiction it would hold that appellant is without claim to the salary stepincreases under discussion, and that in the absence of a record of actual meritorious work, the allowance of such would constitute an undue preference and an inordinate use of public funds." (Tr. 20)
We presume that by the language hereinabove lastly cited, the Commission intended to hold that the refusal to grant plaintiff salary step-increases during the period of his unlawful discharge did not constitute discrimination. Because it is not the function of either this court or the Commission to determine what is or is not an "inordinate use of public funds" in a proceeding of this nature, we shall refrain from comment thereon in the belief that any discussion of the subject matter would be pure dicta. The implied conclusion that the failure to accord appellant salary step-increases granted other employees of similar classification and grade did not constitute discrimination against appellant is, however, a matter which must be resolved in disposing of the present appeal.
In substance the appointing authority contends it could not legitimately entertain appellant's claim for salary step-increases because, under the Commission's rules, such increases are based on merit which determines eligibility for such increases and eligibility, is in turn founded on service rating pursuant to work performance. On this theory it is argued that since appellant performed no work during the period between his discharge and reinstatement, he has no service rating for said interval and therefore cannot establish the necessary eligibility.
Unquestionably, if appellant had not been unlawfully discharged, and his performance of duties had continued in a normal manner (the record indicating that all his prior service ratings were satisfactory *564 and qualified him for salary step-increases upon recommendation of his superiors), appellant would have received the same stepincreases received by all other employees of his same classification and grade. It further appears that whereas the appointing authority had discretion to grant or withhold the step-increases, it granted such increases to all employees rated as performing their duties satisfactorily. The employer's argument that appellant could not be paid such increases because he performed no work on which his services could be rated fails to explain how the employee could have performed work upon which service rating is based when the employer unlawfully prevented him from so doing. Under such circumstances we believe it fair to assume there is as much basis for a satisfactory or exemplary service rating as there is for an unsatisfactory rating which would disqualify the employee from eligibility, especially so where, as in the case at bar, the employee involved has never previously performed services rated as unsatisfactory. We deem it an anomaly to say that an employer may unlawfully discharge an employee and, when ordered to reinstate him, inflict penalties for failure to perform the work that would have otherwise have been expected of him, unless the employer shall show good and lawful cause for such harsh and unusual conduct.
It is elementary that the anti-discrimination section of the Civil Service Amendment was designed to protect classified employees from discrimination except upon legal cause, expressed in writing by the appointing authority. In the instant case no cause has been assigned and indeed, it is apparent none could exist considering the employee's failure to perform his duties stemmed solely from the unlawful action of the appointing authority.
The judgment of the Commission will therefore be reversed and the appointing authority ordered to pay all back wages due appellant in accordance with the prior judgment of this court, including regular salary step-increases paid other employees similarly situated as found by the commission and expressed in the following schedule:

FROM THROUGH MONTHLY
 SALARY
August 1, 1958 July 31, 1959 $295.00
August 1, 1959 July 31, 1960 310.00
August 1, 1960 December 31, 1961 325.00
January 1, 1961 July 31, 1961 340.00
August 1, 1961 July 30, 1962 355.00
January 1, 1961 Date 370.00

Appellant's claim for attorney's fees is based on the contention the appointing authority's refusal to pay accumulated wages notwithstanding judgments of this court and the Supreme Court declaring his entitlement thereto was "arbitrary, capricious, malicious, without cause, and certainly discriminatory." Appellant further contends that as a result of such arbitrary refusal he was compelled to suffer the expense of a mandamus proceeding, which was appealed from and affirmed and then taken to the Supreme Court.
Learned counsel for appellant urges that the Commission had authority to grant attorney's fees on authority of LSA-Const. Art. 14, Section 15(0)(3), which reads as follows:
"(3) Reinstatement by commission; conditions; pay for lost time. If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time." (Emphasis by appellant.)
It is settled law that attorney's fees are not recoverable except upon contract or express statutory authority.
In support of his claim for attorney's fees, esteemed counsel for appellant also relies upon the provisions of LSA-R.S. 23:632 which states that penalties, including reasonable attorney's fees, are recoverable for failure to comply with the next preceding section, namely, LSA-R.S. 23:631 which provides:
"§ 631. Discharge or resignation of employees; payment within *565 24 hours after termination of employment
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid."
Granting that the reinstatement authority granted the Commission pursuant to LSA-Const. Art. 14, Section 15(O)(3) is couched in the broadest of terms, nevertheless it does not expressly permit the awarding of attorney's fees to a reinstated employee suing for back wages. In the absence of such express authority, attorney's fees are not recoverable. Hernandez v. Harson, 237 La. 389, 111 So.2d 320, and cases therein cited.
LSA-R.S. 23:631-632, relied upon by appellant is clearly without application to the case at bar. The cited statute is obviously penal in nature and therefore subject to the rule of strict construction. Being penal, its application is limited and is not to be extended beyond its clear, unambiguous language. Bielstein v. Hawkins, La.App., 50 So.2d 523; Oiler v. Bender, La. App. 146 So. 780; Duke v. Ford, Bacon & Davis, 19 La.App. 27, 138 So. 675.
The word "person" substituted in the Revised Statutes of 1950 for the phrase "person, individual, firm or corporation" contained in Act No. 138 of 1936 from which these sections were taken, undoubtedly includes groups of persons and corporations. (See LSA-R.S. 1:10.) In Barcena v. City of New Orleans, 221 La. 652, 60 So. 2d 74, it was held that the term "corporations" in the 1936 statute means "private corporations" and does not include "municipalities."
The general rule regarding interpretation of the word "person" used in a statute is that the statute applies to corporations as well as natural persons if such corporations fall within the reason and purpose of the statute. The same rule applies to the question whether state agencies and municipalities are to be considered "corporations." (See the discussion of this matter of interpretation contained in Department of Highways v. Lykes Bros. S.S. Co., 209 La. 381, 24 So.2d 623, wherein the court held that a state agency is included in the term "Person" as used in the direct action statute.)
In Barcena v. City of New Orleans, 221 La. 652, 60 So.2d 74, the Supreme Court hed the statute in question does not apply to municipalities and further stated:
"That statute, which imposes upon persons, firms or corporations the duty of paying their discharged employees within 24 hours after dismissal, does not apply to those engaged in public service."
We conclude, therefore, the word "person" as used in the statute under consideration was used in its common and ordinary sense and was not intended to include the sovereign state, a state agency, or a public corporation. (See also 70 C.J.S. verbo Person, p. 688.)
The Commission denied appellant's claim for attorney's fees on the ground it had no authority to grant a money judgment. In this regard the Commission's conclusion was correct. Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199.
In his notice of appeal employee prays that the appointing authority be ordered to pay back wages in accordance with the schedule hereinabove set forth together with interest from the respective due dates indicated thereon, until paid. The item of interest is not urged in appellant's brief *566 presumably because appellant may not recover therefor. See State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153.
Accordingly, the judgment of the Commission rejecting and dismissing appellant's claim for salary step increases accruing to similar employees between appellant's dismissal and reinstatement shall be and is hereby annulled, reversed and set aside and judgment rendered herein in favor of appellant, Guy F. Hays, and against appellee, Louisiana Wild Life and Fisheries Commission, ordering and directing said appellee to pay appellant accumulated salaries due pursuant to the schedule hereinabove set forth, less credit for amounts previously paid.
Except insofar as the judgment of the Commission is herein expressly modified or amended, the same is affirmed.
Amended and affirmed.