REGAN, Judge.
This is an appeal by Delmas R. Bell, who holds the rank of sergeant in the New Orleans Police Department, from a ruling of the Civil Service Commission of the City of New Orleans, which dismissed his appeal to that body for the reason that it was not timely filed. Bell is endeavoring to have two periods of absence from service on the Police Department reclassified as sick leave due him as the result of an injury incurred in the line of duty, thereby restoring to him accumulated “Sick Leave” and “Furlough Time” against which his absence from service had been charged by the Police Department.
The matter was presented to the Civil Service Commission by Bell through the medium of a motion for a summary judgment, which was predicated upon certain stipulations of fact between his attorney and an Assistant City Attorney. The facts thus stipulated established that Bell- while in the course and scope of his duty as a police officer “engaged in the protection of life and/or property” suffered a back injury on March 23, 1968. As a result thereof Bell was absent from duty from March 25, 1968 through July 31, 1968. Initially the Police Department classified Bell’s injury as “Injured on Duty,” which classification was approved by administrative action of the Department of Civil Service.
In conformity with its existing procedures, the Police Department submitted Bell’s record to the Department of Civil Service, after his initial sixty-day paid absence. Subsequently, on July 15, 1968, the Department of Civil Service advised the New Orleans Police Department that the Civil Service Commission had denied its request for Bell’s additional paid sick leave resulting from his injury in the line of duty. The record discloses no reason for this action by the Civil Service Commission; however, as a result thereof, Bell was paid for his absence from duty from March 25, 1968, through May 24, 1968, and his remaining absence from May 25, 1968, through July 31, 1968, was charged to his accumulated “Sick Leave.”
It was further stipulated that “Bell was removed from active duty by the attending physicians on December 4, 1968, for a second operation,” and he did not return to work until April 18, 1969, a total of 136 calendar days. This period of time was charged against Bell’s remaining accumulated “Furlough Time.”
The Civil Service Commission in its reasons for its decision, unequivocally stated that it did not dispute the foregoing stipulated facts. However, it dismissed Bell’s appeal because it was not prosecuted within thirty days of the adverse actions of the Appointing Authority, as required by Civil Service Commission Rule II, Section 4.3.[1]
The appellant insists that the Commission erred in dismissing his appeal on its own motion, citing as authority therefor the case of Hays v. Louisiana Wild Life and Fisheries Commission.[2] An analysis of the Hays case significantly discloses that the ruling of the court to the effect that the State Civil Service Commission possessed no authority to dismiss the employee’s appeal in the absence of a motion to dismiss by the Appointing Authority was predicated on the fact that the Commission violated its own rule, namely Rule 13.14, which provides that the State Agency or Appointing Authority has ten days within which to move for dismissal for failure to appeal timely. The court in effect reasoned that by virtue of Rule 13.14 the State Civil Service Commission abandoned *341 its right to dismiss appeals on its own motion.[3] It is thus obvious that the Hays case has no bearing on the matter now before us since the Civil Service Commission for the City of New Orleans has no rule similar to Rule 13.14 of the Louisiana Civil Service Commission.
However, it is clear that the Civil Service Commission in this case did in fact err by dismissing Bell’s appeal as not timely filed. Commission Rule II[4] deals with matters of discipline, review, demotion and other such proceedings. Consequently, Section 4.3 thereof provides that appeals must be prosecuted within thirty days of the adverse action of the Appointing Authority. Assuming, and we express doubt thereof, that Section 4.3 of Rule II applies to the sick leave provision contained in Rule VIII, Section 2.1(c),[5] our analysis of the whole tenor of the record reveals that there was no action taken against Bell by the Appointing Authority. On the contrary, it is evident that the officials of the Appointing Authority, that is the New Orleans Police Department, were in favor of Bell’s receiving paid sick leave. The only action by it which could remotely be considered as adverse to Bell’s interest is a letter by virtue of which the New Orleans Police Department, in reply to Bell’s request for reclassification for time lost, advised him to appeal to the Civil Service Commission. Consequently, since there was no action taken by the Police Department against Bell with respect to his request .for .reclassification of time, it would be at best a strained interpretation to apply Section 4.3, Rule II, to the facts now posed for our consideration.
An examination of the record herein reveals a glaring absence of significant evidence which prevents us from reaching a decision on the merits of Sergeant Bell’s appeal. Nowhere in the record, including the stipulation upon which Bell’s motion for summary judgment was based, is it established that his absence from May 25, 1968, through July 31, 1968, and his absence from December 4, 1968, through April 18, 1969, resulted directly and proximately from his injury of March 23, 1968. While both the appellant and the Civil Service Commission apparently assume that there was a causal connection between the injury and the two periods of absence, the record is completely devoid of any medical or other evidence establishing such a *342 causal relationship. A cursory reference to Stipulation 7 filed by Bell reveals that the Assistant City Attorney did not stipulate such a causal relationship between the injury and the absence of December 4, 1968-April 18, 1969. This stipulation reads:
“7. While Sergeant Bell was removed from active duty by the attending physicians on December 4, 1968, for a second operation, and as a result thereof, was off duty through April 18, 1969, for a total of one hundred thirty-six (136) calendar days, all of Sergeant Bell’s remaining ‘Sick Leave’ was used up and then his time was carried as ‘Furlough Time.’ ”
Moreover, there is a similar dearth of proof of causal relationship between the injury and the period of absence between May 25, 1968-July 31, 1968. However, in view of the fact that the’ Civil Service Commission obviously assumed the truth of Bell’s assertion, that his periods of absence were causally connected to his injury, and in view of the Commission’s failure to explore in any way the connexity between the accident and the two periods of absence in question, we are compelled in the interest of justice to remand the case to the Civil Service Commission for proof or disproof of this aspect of the appellant’s case. It is clear that such action is necessary in view of the strong implication in the Commission’s decision that the appellant’s assertion of such a causal relationship in fact existed.
For the foregoing reasons, the decision of the Civil Service Commission of the City of New Orleans is hereby reversed, and this case is now remanded to that body for such additional proceedings as the nature of the case may require and in conformity with the rationale of this opinion.
Reversed and remanded.

. “4.3 Appeals to the Commission shall be filed within thirty (30) days of the action or actions taken against the employee by the appointing authority.”

. 165 So.2d 556 (1964).

. See also Bonnette v. Louisiana State Penitentiary, 148 So.2d 92 (1962).

. “4.1 Regular employees in the classified service shall have the right to appeal to the Commission from suspension, fine, dismissal, reduction in pay or demotion, to test the reasonableness of such action. Persons who shall have applied for or shall have been examined for the classified service and shall not have established • their status as permanent classified employees and allege that they have been discriminated against in review of their applications, admission to the examination, the scoring of examinations, the establishment of eligible lists and certification, or regular employees in the classified service who shall have been suspended, fined, dismissed, or have suffered a reduction in pay or demotion shall have the right to appeal to the Commission, to test the reasonableness of such action.
4.2 Persons appealing to the Commission shall do so in writing, specifying the reasons for requesting a hearing.
4.3 Appeals to the Commission shall be filed within thirty (30) days of the action or actions taken against the employee by the appointing authority.”

.“(e) If an employee of the police department is injured directly in the performance of his duty for the protection of life and property, the employee shall be granted additional sick leave with pay, which shall not be charged against his ordinary sick leave accumulation, provided the leave is requested of the Commission each month and is accompanied by a certificate from a physician acceptable to the Commission.”