PONDER, Judge.
Defendant appealed from the judgment awarding plaintiff penalties and attorney’s fees under La.R.S. 23:632.
The sole issue is the propriety of that award. We reverse.
Plaintiff entered into an employment contract with defendant for the 1977-1978 academic year. A provision of the contract stated:
“All appointments are subject to applicable policies and regulations of the Southern University Board of Supervisors and all employees are expected to adhere to Board and/or administrative policies as they relate to them.”
The university had established certain check-out procedures for the end of each academic year. A final pay check was not issued until these had been completed. Plaintiff did not complete these procedures at the end of the term of his contract and his check was withheld.
Plaintiff never officially resigned or gave notice of intention to resign. At the beginning of the next academic year, plaintiff did not report for work.
After unsuccessfully attempting to affect compliance with said procedures, the university discharged plaintiff and sent him all past due wages by certified mail just prior to the trial of plaintiff’s suit for his salary plus penalties and attorney’s fees.
Plaintiff claims his employment terminated at the end of the contract period and his wages were withheld from him in violation of LSA-R.S. 23:631 and 632. These statutes provide that upon the discharge or resignation of any employee the employer must pay the wages due under the terms of employment within three days. If this is not done, the employer is liable for a penalty payment of wages for the delay up to ninety days at the employee’s rate of pay.
The statute is penal in nature and must be strictly construed. Harrison v. First National Funeral Homes, Inc., 244 So.2d 102 (La.App. 3rd Cir. 1971), writ not considered 246 So.2d 195, 258 La. 345.
*324 The statute does not apply to state agencies. Hays v. Louisiana Wild Life and Fisheries Com’n., 165 So.2d 556 (La.App. 1st Cir. 1964), writ refused 246 La. 855, 167 So.2d 672. Defendant is a state agency.
For these reasons the judgment of the trial court is reversed at appellee’s costs.
REVERSED.