PONDER, Judge.
This is a suit for wages, penalties and attorney fees under the provisions of LSA-R.S. 23:631-632.[1]
Plaintiff appealed the dismissal of her suit on a motion for summary judgment. The sole issue is the applicability of LSA-R.S. 23:631-632 to a governmental agency.
*400 We affirm.
When plaintiff was discharged from her job with the City-Parish of East Baton Rouge, she demanded her wages on two occasions. Defendant at first insisted no wages were due, and later that there was no wage dispute. Finally, the defendant filed a motion for summary judgment on the basis that the statutes do not apply to governmental agencies. The trial court relying on Barcena v. City of New Orleans, 221 La. 652, 60 So.2d 74 (1952) granted the judgment of dismissal.
In Barcena the court found that the phrase “person, individual, firm or corporation” did not include a governmental agency. This court held in Hays v. Louisiana Wild Life and Fisheries Commission, 165 So.2d 556 (1st Cir. 1974), writs refused 246 La. 855, 167 So.2d 672 (1964), that the amendment to “person” instead of “person, individual, firm or corporation” did not have the effect of making governmental agencies liable.
Appellant contends that the Louisiana Constitution of 1974 dictates a contrary result. The provision cited, Art. 12, Sec. 10(A), (B), is the one declaring no immunity in contract or tort. The Barcena case was not founded on such immunity, but rather on statutory interpretation.
It might be argued that the use of the term, “employer” in Section 632 indicates an intention to require a different result. However, the term “person” is still used in Section 631. An intention to change the result could have been much more plainly stated.
For these reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.
EDWARDS, J., dissents and will assign reasons.

. LSA-R.S. 23:631:
“A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three *400 days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. * * * ”
LSA-R.S. 23:632:
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”