EDWARDS, Judge,
dissents.
Etna Stafford, an accountant for the City-Parish of East Baton Rouge, was fired from her job on February 9, 1978. On February 10, she orally demanded her final paycheck. An identical demand was made by letter dated February 23. When Stafford’s final check was not forthcoming, she filed suit against the City of Baton Rouge and Parish of East Baton Rouge seeking wages owed, penalty wages and attorney fees, all pursuant to LSA-R.S. 23:631-632.
The City-Parish initially denied plaintiff’s claim for wages on the basis that no wages were due. Defendants subsequently filed a motion for summary judgment urging that there no longer was a wage dispute and that, at any rate, R.S. 23:631-632 were not applicable to municipalities.
The trial court, finding Barcena v. City of New Orleans, 221 La. 652, 60 So.2d 74 (1952), controlling, granted defendants’ motion for summary judgment and dismissed plaintiff’s suit at her cost.
In Barcena, the Supreme Court construed Act 138 of 1936, the forerunner of R.S. 23:631-632. That statute, which required any “person, individual, firm or corporation” to pay a discharged employee within twenty-four hours after dismissal, was found not to apply to those engaged in public service. The Supreme Court gave no cogent reasons for its holding.
*401 Since Barcena, the statute has been changed. It now applies to “the person employing” the discharged or resigned employee. Barcena, therefore, is no longer the interpretive authority it was when decided and we are not bound to follow it.
This court, in Hays v. Louisiana Wild Life and Fisheries Commission, 165 So.2d 556 (La.App. 1st Cir. 1964), writs refused 246 La. 855, 167 So.2d 672 (2 cases) (1964), cited Barcena and held that despite the 1950 sub-summation of “individual, firm or corporation” into the all-encompassing “person,” R.S. 23:631-632 did not apply to public bodies.
A cursory examination of the statute’s text makes clear that no employer is exempted from its sweep.
R.S. 23:632 applies to “Any employer who fails.” to comply with R.S. 23:631. “Any employer” means what it says — any employer. When the state or any of its political subdivisions hires an employee, that public body becomes an employer subject to R.S. 23:632.
It cannot be argued with any rationality that while section 632 applies to “any employer,” that section is narrowed by section 631 and applies only to certain persons employing, not including public bodies. The legislative decision to include individuals, firms and corporations within the meaning of “person” as used in section 631 was clearly based on a desire for simplification and reduction rather than for complication and proliferation. I cannot believe that our legislators would make the effort to eliminate the express terms of “individuals, firms and corporations” and yet intend to retain the allegedly implied exception of public bodies. Furthermore, it is obvious that the words “person employing” found in section 631 can only mean an employer. As such, that “person employing” is bound by section 632.
R.S. 23:631-632 clearly applies to all persons employing another, including the state and its political subdivisions. To the extent that it holds otherwise, Hays v. Louisiana Wild Life and Fisheries Commission, supra, is wrong and should be overruled.
This position is buttressed by both the continued erosion of sovereign immunity and by the trend toward application of strict liability to the state.
Board of Commissioners of the Port of New Orleans v. Splendour Shipping & Enterprises Company, Inc., 273 So.2d 19 (1973), overruled Miller v. Board of Commissioners of Port of New Orleans, 199 La. 1071, 7 So.2d 355 (1942), and held that public bodies were not immune from suit in tort. This holding now has constitutional status.[1]
Article 12, Section 10(A) of the Louisiana Constitution has not been construed narrowly but has been recognized as an “unequivocal constitutional rejection of the doctrine of sovereign immunity.” Jones v. City of Baton Rouge, 388 So.2d 737 (1980).[2]
LSA-R.S. 23:631-632 fashions a remedy for employees who have been arbitrarily denied final compensation from their employment contract. Our constitution gives employees the right to sue the state in contract. To grant that right but to deny the remedy solely because a public body is the employer would fly in the face of the trend toward making the state, its subdivisions and employees accountable for their acts and would, in practical terms, make the recovery of modest sums arbitrarily withheld by a capricious supervisor virtually impossible.
Barcena has lost its precedential viability on the technical basis of statutory rewording. Furthermore, since Barcena was decided in an era when the state and its subdivisions could do no wrong, I have no doubt that were the Supreme Court to be faced with the case today, the result would be reversed.
The majority’s reliance on Barcena and Hays is misplaced and results in such an *402 unfairness to Etna Stafford that I must dissent.

. Article 12, Section 10(A) of the Louisiana Constitution of 1974 provides:
“Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.”

. Jones held that the strict liability of LSA-C.C. Art. 2317 applies to municipalities.