403 So.2d 733 (1981)
Etna STAFFORD
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 81-C-0556.
Supreme Court of Louisiana.
September 8, 1981.
*734 Guy A. Modica, of Guy A. Modica, Ltd. (A Professional Corporation), Baton Rouge, for plaintiff-applicant.
Walter G. Monsour, Jr., Parish Atty., Samuel R. Cicero, Asst. Parish Atty., for defendant-respondent.
LEMMON, Justice.
This case presents the issue of whether the requirements of R.S. 23:631 et seq., pertaining to the duty of an employer to pay wages due to an employee upon discharge or resignation, apply when a governmental agency is the employer. We hold that the statutes apply equally to both private and governmental employers.
When plaintiff was discharged from her employment with the City-Parish of East Baton Rouge, she immediately demanded the wages owed to her. Defendant at first denied any wages were due, but after plaintiff filed this suit, defendant moved for a summary judgment, asserting the inapplicability of the statute to governmental employers. The trial court granted the summary judgment, and the court of appeal affirmed. 393 So.2d 399. We granted certiorari to review these rulings. 397 So.2d 1367.
In Barcena v. City of New Orleans, 221 La. 652, 60 So.2d 74 (1952) this court held that the obligation imposed by R.S. 23:631 upon a "person, individual, firm or corporation" to pay wages to discharged employees within a specific period does not apply to municipalities. Although the court did not state the reasoning underlying its decision and did not expressly refer to governmental immunity, that doctrine prevailed in the state at the time and undoubtedly influenced the court's decision.
The doctrine of governmental immunity has since been rejected jurisprudentially and by express provision in the 1974 Constitution.[1] In rejecting the doctrine, this court found no compelling basis for treating a tort committed by a state employee differently from a tort committed by a private citizen or by the employee of a private corporation.
Using the same rationale, we expressly overrule the Barcena case and its progeny, finding no compelling reason to relieve a governmental employer from the statutory obligation imposed on all employers to pay wages to an employee immediately upon discharge or termination. The employees of governmental agencies need their wages upon cessation of employment just as urgently as the employees of individuals or of private corporations.[2] Furthermore, the Legislature, although expressly recognizing this special need of all employees to receive wages due him immediately upon discharge or termination, has not seen fit to distinguish between governmental and private employers in imposing the obligation upon employers to pay immediately the wages due upon cessation of employment. We decline to imply that the Legislature intended such a distinction, and we have not been shown any rational basis for a constitutional classification if the Legislature did intend to distinguish between employers.[3]
Accordingly, the summary judgment rendered by the trial court and affirmed by the *735 court of appeal is reversed. The matter is remanded to the trial court for further proceedings.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs.
MARCUS, Justice (dissenting).
In my view, La.R.S. 23:631 is not applicable here. The statute is penal in nature and therefore subject to strict construction. In Barcena v. City of New Orleans, 221 La. 652, 60 So.2d 74 (1952), we held that Act 138 of 1936 which imposed upon "a person, individual, firm or corporation" the duty of paying their discharged employees within 24 hours after dismissal, did not apply to those engaged in public service. We noted that the term "corporations," appearing in the statute, was used in its ordinary sense meaning private corporations and was not intended to include municipalities. Therefore, the Court of Appeal, First Circuit, in Hayes v. Louisiana Wildlife and Fisheries Com'n, 165 So.2d 556 (La.App. 1st Cir. 1974), writs refused, held that the word "person" substituted in the Revised Statutes of 1950 for the phrase "person, individual, firm or corporation" contained in Act 138 of 1936 included in its common and ordinary sense natural persons and corporations but not state agencies and municipalities. I agree as did the courts below. Accordingly, I respectfully dissent.
NOTES
[1] See Board of Comm'rs of the Port of N.O. v. Splendour Shipping & Enterprises Co., 273 So.2d 19 (La.1973); La.Const. Art. XII, § 10(A) (1974).
[2] Plaintiff received the wages due her 22 months after her termination, according to the facts stated in the trial court's reasons for judgment.
[3] In Lewis v. Orleans Parish Sch. Bd., 371 So.2d 328 (La.App. 4th Cir. 1979) the court declared in dicta that R.S. 23:1201.2(A), which provides for attorney's fees in the event of an arbitrary refusal to pay workmen's compensation, is applicable when a governmental agency is the employer. The statutes in the Lewis case and in the present case were designed to protect employees from arbitrary actions by employers.