BECKER, Judge.
Appellant, Bob Finkelstein, appeals the granting of the peremptory exception of No Cause of Action in favor of the Defendants Mayor Sidney Barthelemy, City Attorney Okla Jones and the City of New Orleans.
In 1983, plaintiff, Bob Finkelstein, was appointed to the position of Assistant City Attorney by then City Attorney Salvadore Anselmo. He was assigned to be Legal Advisor to the Superintendent of the New Orleans Police Department.
In 1986, Sidney Barthelemy became May- or of the City of New Orleans. He appointed a new City Attorney, Okla Jones. In July, 1986, Okla Jones fired Mr. Finkelstein as Assistant ■ City Attorney; but he was rehired shortly thereafter. However, Jones again discharged the plaintiff effective November 11, 1986.
*1099 Plaintiff first filed suit in the United States District Court for the Eastern District of Louisiana against Mayor Sidney Barthelemy, City Attorney Okla Jones, and the City of New Orleans, claiming that his termination was unlawful under 42 U.S.C. § 1983 and violated his rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution. The District Court granted the defendants’ Motion for Summary Judgment and the case was dismissed. Finkelstein v. Barthelemy, 678 F.Supp. 1255 (E.D.La.1988). In doing so, the Federal Court specifically declined to decide plaintiffs claims based on state law.
On February 10, 1988, the plaintiff filed the instant suit in the Civil District Court for the Parish of Orleans, alleging that his dismissal from his appointed position of Assistant City Attorney violated Louisiana Revised Statute 23:961 and his rights under the Louisiana Constitution.
Mayor Barthelemy and City Attorney Jones filed an Exception of No Cause of Action. The Exception was sustained by the trial court as to all defendants and this appeal followed.
Plaintiff urges three assignments of error. First, the dismissal of plaintiff’s suit against the City of New Orleans which had answered but had not filed an exception of No Cause of Action; second, the correctness of the trial court’s reliance on Barcena v. City of New Orleans, 221 La. 652, 60 So.2d 74 (1952) which had been overruled; and third, the correctness of the trial court’s ruling on the merits of the exception.
La.C.C.P. article 927 lists the peremptory exceptions which may be raised including No Cause of Action and states:
“The court cannot supply the objections of prescription and res judicata which must be specially pleaded. The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion, (emphasis added).”
Also see Amoco Production Co. v. Carruth, 457 So.2d 797 (La.App. 1st Cir.1984), writ denied, 516 So.2d 366 (La.1988).
The trial court therefore had the absolute right to determine the existence of a cause of action as to the City of New Orleans even though no such exception had been filed.
Plaintiff contends that his discharge in November of 1986 contravened L.S.A.R.S. 23:961 and the Louisiana Constitution of 1974.
R.S. 23:961 provides in pertinent part:
“no employer having regularly in his employ twenty or more employees shall make, adopt, or enforce any rule, regulation or policy forbidding or preventing any of his employees from engaging or participating in politics, or from becoming a candidate for public office. No such employer shall adopt or enforce any rule, regulation or policy which will control, direct or tend to control or direct the political activities or affiliations of his employees, nor coerce or influence, or attempt to coerce or influence any of his employees by means of threats of discharge or of loss of employment in case such employees should support or become affiliated with any particular political faction or organization, or participant in political activities of any nature or character.”
Certainly, neither the Mayor nor the City Attorney were the employer of the plaintiff and in the absence of an employer-employee relationship R.S. 23:961 is not applicable. This Court reached the same conclusion in Boyer v. St. Amant, 364 So.2d 1338 (La.App. 4th Cir.1988), writ denied, 365 So.2d 1108 (La.1987), where it found R.S. 23:961 did not apply to a deputy sheriff who filed suit against the Sheriff of St. Charles Parish alleging illegal discharge for political activities.
Plaintiff is correct, however, in his position that the trial court erred in relying upon Barcena v. City of New Orleans, supra in its reasons for judgment. Barce-na was overruled by Stafford v. City of Baton Rouge, 403 So.2d 733 (La.1981). *1100 Stafford dealt with the provisions of R.S. 23:631 et. seq. pertaining to the duty of an employer to pay wages due to an employee upon discharge or resignation. The court specifically found no compelling reason to relieve a governmental employer from the statutory obligation imposed on all employers to pay wages to an employee immediately upon discharge or termination. The court recognized that governmental employees needed the wages due then just as urgently as employees of private entities. However, Stafford has no application to the instant case.
Article 10, Section 2(B)(3), (10) of the Louisiana Constitution of 1974 provides that city attorneys, and employees and deputies of Mayors and City Attorneys are unclassified service personnel. As such, they are not subject to civil service rules and regulations. Further, Section 4-106 and 4-107 of the Home Rule Charter of the City of New Orleans provides that the City Attorney has the power and duty to appoint, promote, supervise, discipline and remove all officers and employees in his department. Thus, an Assistant City Attorney is not an employee as contemplated by R.S. 23:961 but is an appointee with no specific contract of employment, tenure or term of office and may removed “at will.” See Garnier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611, 614 (La.1942).
Although plaintiff did not allege any specific violation of the Louisiana Constitution, the trial court considered Article 1, Sections 3 and 7 might provide a basis for a cause of action.
Article 1, Section 3 provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs or affiliations. No law shall arbitrarily, capriciously or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition or political ideas or affiliations. Slavery and involuntary servitude are prohibited except in the latter case as punishment for crime.
Article 1, Section 7 provides:
No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is
responsible for abuse of that freedom. For the court to consider an exception of no cause of action, all allegations contained in plaintiffs petition must be accepted as true. L.S.A.-C.C.P. 931, Robinson v. North American Royalties Inc., 470 So.2d 112 (La.1985).
Plaintiff makes the following allegations in his petition. He was hired by the City of New Orleans as legal advisor to the Superintendent of Police under the former Mayor Ernest “Dutch” Morial. During the mayoralty campaign of 1986, he supported Senator William Jefferson in his unsuccessful bid to become mayor. In July of 1986 plaintiff was terminated but shortly thereafter, as the result of the intervention by Councilman Joseph Giarrusso, he was reinstated. During the summer of 1986, May- or Barthelemy proposed a one hundred and ninety five dollar service charge which was placed on the September 27th, 1986, election ballot. Although plaintiff voiced his opposition to the proposal, as did Councilman Giarrusso, he was required, under penalty of job forfeiture, to campaign for the proposal. After the proposal’s defeat, Mr. Finkelstein was again terminated on November 11, 1986. On November 12, 1986, Robert P. Early, the brother of Councilman Mike Early, who supported the May- or’s service charge proposal was appointed, as a political favor, to the plaintiff's former position.
Because the question of the infringement of an individual’s rights by a “political firing” under the Louisiana Constitution of 1974 is res nova, jurisprudence of other jurisdictions must be looked to for guidance. See Hurston v. Dufour, 292 So.2d 733 (App. 1st Cir.1974) writs denied, 295 So.2d 178 (La.1974). CHF Finance v. Jochum, 241 La. 155, 127 So.2d 534 (1961). Since Article 1, Sections 3 and 7 of the Louisiana Constitution are similar in nature *1101 to the First[1] and Fourteenth[2] amendments of the United States Constitution we look to the federal courts for guidance.
Two United States Supreme Court cases, Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) deal with the discharge of non-civil service employees for political patronage. Elrod held that the practice of patronage dismissal was unconstitutional under the 1st and 14th amendments, but confined that decision to non-policy making positions. Branti narrowed the Elrod rule:
“if an employee’s private political beliefs would interfere with the discharge of his public duties, his First Amendment rights may be required to yield to the State’s vested interest in maintaining governmental effectiveness and efficiency.” Branti v. Finkel, 445 U.S. at 517, 100 S.Ct. at 1294.
The duties of an Assistant City Attorney include directing and supervising the legal affairs of the City, providing legal advice to the Mayor, Council members and all officers, departments and boards concerning matters affecting the interest of the City; taking charge of all legal matters in which the City has an interest or is a party; preparing proposed ordinances, contracts, documents and instruments creating any legal or conventional obligation affecting the City and to perform all other duties required by the Charter, the Mayor or the Counsel.[3]
As so aptly stated by Judge Schwartz in Finkelstein v. Barthelemy, supra at 1263:
“as Assistant City Attorney, plaintiff could have, been called upon to perform any one or all of those enumerated tasks. These laws established that his duties were of the ‘broad scope’ ... equated with a policy making function and that he functioned ‘in a highly discretionary role ... [beyond] the simple exercise of ministerial competence.” (quoting Newcomb v. Brennan, 558 F.2d 825 at 829 (7th Cir.1977)).
We concur and find that the position of Assistant City Attorney falls within the Elrod/Branti exception as a policy making position. We further conclude that in balancing the interests of the Mayor, the City Attorney and indeed the City itself, in promoting the efficiency of the services they perform for all of the citizens, it is essential to have Assistant City Attorneys who fully support the Administration’s policies. These considerations far outweigh the appointee’s interest in his right of free speech.[4]
Finally, we are satisfied that any reasonable and prudent attorney who seeks and accepts a position as Assistant City Attorney knows full well that he must cooperate with the administration, especially regarding policy matters such as the tax issue being promoted by the Mayor in this case. Plaintiff voluntarily agreed to a limitation on his freedom of speech when he accepted the position.
. Therefore, we find plaintiff has failed to state a cause of action and affirm the trial court’s ruling.
AFFIRMED.

. "Congress shall make no law ... abridging the freedom of speech ...; or the right of the people peaceably to assembly and to petition the government for a redress of grievances.”

. "... no State shall ... deprive any person of life, liberty, or property, without due processes of law; nor deny to any person within its jurisdiction the equal protection of the laws.”

. Home Rule Charter of the City of New Orleans 1954, chapter 4-401.

. Pickering v. Board of Education, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811, 817 (1968).