Dear Mayor Thornton:
You have requested the opinion of this office on the following issue:
 May the City of Winnfield pay a former employee for accrued compensatory time even though it has been over five years since the former employee resigned from his position?
It is clear that a public employee may receive compensatory time off for each hour of employment that overtime compensation is required. The Fair Labor Standards Act, 29 U.S.C. § 201 et seq., applies to political subdivisions of the state and specifically provides that no employer shall employ any of its employees for a work week longer than 40 hours unless the employee receives compensation of one and one-half times the regular rate of pay, or in the case of political subdivisions, compensatory time off at a rate not less than one and one-half hours for each hour of overtime employment.
La. R.S. 23:631A(1)(b) provides as follows:
 Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than 15 days following the date of resignation, whichever occurs first.
The jurisprudence is clear that the requirements of La. R.S.23:631 apply when a governmental agency is the employer. Staffordvs. City of Baton Rouge, 403 So.2d 733 (La. 1981). It is also clear from the jurisprudence that compensatory time is an earned benefit; a vested right of the employee.
The law and facts presented in your request indicate that the former employee of the Winnfield City Police Department had a vested right in the accrued compensatory time pursuant to his employment contract. The compensatory time was an earned benefit.
Civil Code Article 3494 provides for a liberative prescription of three years for actions seeking recovery of compensation for services rendered, including payment of salaries, wages, commissions, et al. The Louisiana Supreme Court considered this issue is Grabert v. Iberia Parish School Board, 638 So.2d 645
(La. 1994). The plaintiff filed a suit seeking past wages due under her employment contract. The lawsuit was filed over three years after termination of the employment contract with the defendant. The court clearly held that the prescriptive period for the recovery of wages for services rendered is three years under Civil Code Article 3494.
It is our opinion that while the City of Winnfield was obligated to pay its employees for any accumulated compensatory time, the former employee's action for payment has prescribed. You indicate that the former employee resigned in 1994. He made a request for payment in 1999. Because his cause of action has prescribed, the City's obligation no longer exists. Thus, if the City were to pay the accumulated compensatory time, the payment would be tantamount to a donation of public funds which is expressly prohibited by the Louisiana Constitution, Article 7, Section 14
(A). The Louisiana Supreme Court held that Article 7, Section 14 is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen vs. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983). Because the City is under no obligation to pay the accrued compensatory time to its former employee, it cannot legally pay it. The employee's action for compensation has prescribed and thus so has the city's obligation.
We trust that this answers your request. If you have any additional questions or comments, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: TINA VICARI GRANT Assistant Attorney General
RPI:TVG:jv